THE STATE, EX REL. MORAITES, APPELLEE, *v.* GORMAN, JUDGE, APPELLANT.

[Cite as State, ex rel. Moraites, v. Gorman (1975), 42 Ohio St. 2d 175.]

(No. 74-815—Decided April 30, 1975.)

176

*Mr. Thomas A. Luebbers,* city solicitor, *Mr. Paul J. Gorman* and *Mr. John F. Peyton, Jr.,* for appellee.

*Mr. Ralph F. Crisci,* for appellant.

*Per Curiam.* Ohio's new Criminal Code became effective on January 1, 1974, and hence its provisions pertaining to violations of R. C. 4511.19 were applicable to Ms. Bolan's case. One such provision is R. C. 4511.99 (A), which states: "Whoever violates section 4511.19 of the Revised Code is guilty of a misdemeanor of the first degree, in addition to the license suspension or revocation provided in section 4507.16 of the Revised Code. *At least three days' imprisonment is mandatory under this division.*" (Emphasis added). Appellee contends that R. C. 4511.99 (A) unequivocally commands a trial judge to impose and execute a minimum sentence of three days' incarceration upon any person convicted of driving while intoxicated. This court agrees.

Appellant argues that R. C. 4511.99 (A) does not prohibit a trial judge from suspending actual confinement of a person convicted of violating R. C. 4511.19, and placing that person on probation. This argument is grounded on the premise that the word "imprisonment," as used in R. C. 4511.99 (A), denotes not only physical confinement in jail, but also a probationary period or both.

Appellant's premise is faulty. R. C. 1.05 defines the word "imprisoned": "As used in the Revised Code, unless the context otherwise requires, 'imprisoned' means imprisoned in a county or municipal jail or workhouse if the offense is a misdemeanor, and imprisoned in a state penal or reformatory institution if the offense is a felony, or if imprisonment in a state penal or reformatory institution is ordered pursuant to division (E) (3) of section 2929.41 of the Revised Code." Nothing in the language of R. C. 4511.19 and R. C. 4511.99 (A) indicates that this definition is not applicable to the mandatory three days' imprisonment specified by R. C. 4511.99 (A).[1]

The intent of the General Assembly contained in R. C. 4511.99 (A) is unmistakably clear: A person convicted of driving while under the influence of alcohol or drugs must serve at least three days in jail. A mandatory minimum jail sentence for such an offense is one of the General Assembly's responses to what many experts consider a leading cause of traffic accidents.[2]

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

[1] For an example of the statutory use of the word "imprisonment" in a context which requires ascribing to the word a definition broader than actual incarceration, see *State, ex rel. McKee,* v. *Cooper* (1974), 40 Ohio St. 2d 65, 320 N. E. 2d 286 (interpreting the meaning of the phrase "term of imprisonment," as that phrase is used in R. C. 5143.05).

[2] "Drinking is indicated to be a factor in at least half of the fatal motor-vehicle accidents, according to special studies." National Safety Council, Accident Facts (1974 Ed.), 52. See, also, The President's Commission on Law Enforcement and Administration of Justice, Task Force Report: Drunkenness (1967), 37-39.