THE STATE, EX REL. OWENS ET AL., *v.* McCLURE, JUDGE.
THE STATE, EX REL. WILLS ET AL., *v.* McCLURE, JUDGE.
THE STATE, EX REL. LUSARDI ET AL., *v.* McCLURE, JUDGE.
THE STATE, EX REL. HAIGHT ET AL., *v.* McCLURE, JUDGE.
THE STATE, EX REL. HARRIS ET AL., *v.* McCLURE, JUDGE.
THE STATE, EX REL. BECKER, *v.* McCLURE, JUDGE.
THE STATE, EX REL. RICE ET AL., *v.* McCLURE, JUDGE.
THE STATE, EX REL. DAVIS ET AL., *v.* McCLURE, JUDGE.

(Nos. 76-389, 76-432, 76-554, 76-625, 76-752, 76-769, 76-857
and 76-1055—Decided October 6, 1976.)

Mr. *Robert G. Schultz, Jr.,* for relators.
Mr. *J. M. Kinney,* prosecuting attorney, for respondent.

*Per Curiam.* Although R. C. 2929.22 does enumerate criteria for use by courts in determining misdemeanor sentences of imprisonment or fines, or both, there is no conflict therein with the mandatory minimum three-day imprisonment provision of R. C. 4511.99(A). The criteria afforded by R. C. 2929.22 are still available for use by courts in determining severity of sentence beyond the statutory minimum. Such minimum sentence is properly within the scope of the General Assembly's adoption of the Criminal Code.

For reason of the foregoing, the writs of prohibition are denied.

*Writs denied.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.