THE STATE, EX REL. PHILLIPS, *v.* ANDREWS, JUDGE.
(Two cases.)

(Nos. 76-1232 and 76-1233—Decided June 29, 1977.)

*Mr. Jerome Phillips,* chief prosecutor, for relator.
*Mr. John W. Stoepler, Mr. Stephen R. Ripps* and *Mr. Robert B. Hines,* for respondent.

*Per Curiam.* Case No. 76-1232 seeks a writ of prohibition to stop respondent from committing Brown to the Treatment Center in lieu of imprisonment. The respondent has already done so and Brown has spent his time at that institution. Case no. 76-1232 is, therefore, moot, since prohibition will not lie to theoretically interdict an action ·which has already transpired.

Case No. 76-1233, relator's mandamus action, provides an adequate vehicle for review of the legal question posed by the parties. The issue involved is the alleged disparity between R. C. 4511.99(A) and 2935.33.

R. C. 4511.99(A) provides that:

"Whoever violates Section 4511.19 [driving while intoxicated] of the Revised Code is guilty of a misdemeanor of the first degree, in addition to the license suspension or revocation provided in Section 4507.16 of the Revised Code. *At least three days' imprisonment is mandatory under this division."* (Emphasis added.)

"If it appears to a judge at time of sentencing for a

R. C. 2935.33(B) provides that:

violation of division (B) of Section 2917.11 or 4511.19 of the Revised Code, or a municipal ordinance substantially equivalent to such section, that the person convicted is an alcoholic or is suffering from acute alcohol intoxication and that such person would benefit from services provided by an alcoholic treatment and control center operated under Chapter 3720 of the Revised Code, the court may commit such person to close supervision in any center which serves the area wherein the court has jurisdiction *in lieu of imprisonment.* Such close supervision may include out-patient services and part-time release, except that a person convicted of a violation of Section 4511.19 of the Revised Code shall be confined to the center for at least three days. Such commitment for purposes of close supervision shall not exceed the maximum term for which such person could be imprisoned." (Emphasis added.)

The relator does not attempt to reconcile these statutory enactments sanctioning disparate forms of societal redress for proscribed behavior.

Besides the ''clear language'' of R. C. 4511.99(A), relator relies upon this court's decisions in *State, ex rel. Owens,* v. *McClure* (1976), 48 Ohio St. 2d 1, and *State, ex rel. Moraites,* v. *Gorman* (1975), 42 Ohio St. 175. There is ample language in both of these cases to support the broad proposition that a person convicted of a violation of R. C. 4511.19 must be imprisoned for three days, *i. e.,* "imprisoned" as defined in R. C. 1.05.[2]

However, in neither *Gorman* nor *McClure,* did this

---

[2]The parties concede that Brown's detention in the Treatment Center is not "imprisonment." However, in order to put the statutory definition of "imprisonment" in context and avoid a hypertechnical reliance upon it, this court notes that the statute reads: "As used in the Revised Code, *unless the context otherwise requires,* 'imprisoned' means * * *." (Emphasis added.) Thus, there is leeway for interpretation of "imprisonment" as used in R. C. 4911.99(A) when read in *pari materia* with R. C. 2935.33.

This court has commented upon the possibility of various interpretations of "imprisonment" in fn. 1 in *State, ex rel. Moraites,* v. *Gorman* (1975), 42 Ohio St. 2d 175, at page 177.

court address itself to the interpretation of R. C. 4511.99 (A) juxtaposed to R. C. 2935.33.

R. C. 2935.33 was enacted by the General Assembly during the same session in which the mandatory three-days imprisonment provision was added to R. C. 4511.99, and R. C. 2935.33 was further amended in 1975 and 1976. If the General Assembly had deemed there to be a conflict or incongruity between these two statutory provisions, that body had ample time to amend, repeal, or otherwise clarify any existing incongruity. It did not do so.

It is axiomatic that consistency in statutes is important and that statutes should, if possible, be construed so as to reconcile their provisions . It is our opinion that giving a judge the option to imprison an offender for three days under 4511.99(A) or commit him for treatment under R. C. 2935.33(B) most nearly achieves this end.

For the foregoing reasons, relator's writs are denied.

*Writs denied.*

CELEBREZZE, P. BROWN, SWEENEY and LOCHER, JJ., concur.

O'NEILL, C. J., and HERBERT, J., dissent. See *State, ex rel. Moraites,* v. *Gorman* (1975), 42 Ohio St. 2d 175.

W. BROWN, J., not participating.