THE STATE, EX REL. ZOLLER, DIR. OF LAW, APPELLANT, *v.* TALBERT, JUDGE, APPELLEE.

[Cite as State, ex rel. Zoller, v. Talbert (1980), 62 Ohio St. 2d 329.]

(No. 79-1613—Decided June 18, 1980.)

*Mr. Thomas M. Zoller,* director of law, *pro se.*
*Mr. Arthur F. Graham,* for appellee.

*Per Curiam.* The Court of Appeals erred in holding that appellant lacked standing to maintain this cause.

Pursuant to Section 6.02(C) of the charter of the city of Tiffin, the law director "shall be the prosecuting attorney" for the city. In his prosecutorial capacity, the law director has that degree of discretion necessary to effectively carry out his obligations to the city. One such obligation is to seek proper punishment for those convicted of disobeying the laws of the city and of the state of Ohio.

By virtue of this obligation, appellant, in his official capacity, "has a beneficial interest in the subject matter of***[this] action, and***such interest***[is] different from and transcend[s] that of the citizenry generally." *State, ex rel. Harris,* v. *Silbert* (1959), 169 Ohio St. 261, 265 (construing R. C. 2731.02). Appellant, therefore, has standing to maintain an action in mandamus to compel compliance with the mandatory sentencing provisions imposed by statute. See *State, ex rel. Moraites,* v. *Gorman* (1975), 42 Ohio St. 2d 175 (by implication).

Despite our disagreement with the determination of the Court of Appeals on the issue of standing, we nevertheless affirm that court's dismissal of the complaint in mandamus. R. C. 2945.67(A) provides, in part, that:

"A***city director of law***may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case***."

In the recent case of *State, ex rel. Cleveland,* v. *Calandra* (1980), 62 Ohio St. 2d 121, this court held that R. C. 2945.67(A) provides a plain and adequate remedy at law to correct errors in sentencing. "Until leave to appeal is sought and denied, a remedy in the ordinary course of law exists which is adequate to afford the review the appellant herein seeks." *Id.* at pages 122-123.

It is true that language in the *Calandra* decision reasonably could be interpreted as distinguishing that case, in which the trial court had found the sentencing ordinance unconstitutional prior to refusing to impose the mandatory prison sentence, from *State, ex rel. Moraites,* v. *Gorman, supra,* (42 Ohio St. 2d 175), wherein the trial court simply ignored the mandatory sentencing statute. The more definitive statement would have been that *Gorman* was decided prior to R. C. 2945.67, which section of law was effective November 1, 1978, and, therefore, at such time there would have been no adequate remedy at law by way of appeal.

In furtherance of clarification of this issue, we hereby hold that, pursuant to R. C. 2945.67, the state may seek leave to appeal upon the basis of a claimed error in sentencing. Because appellant had a plain and adequate remedy in the ordinary course of the law, mandamus will not lie. *State, ex rel.*

*Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, paragraph three of the syllabus. We therefore affirm the judgment of the Court of Appeals.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.