THE STATE OF OHIO, APPELLEE, *v.* JOHNSON, APPELLANT.

[Cite as State *v.* Johnson (1986), 23 Ohio St. 3d 127.]

(No. 85-214—Decided April 23, 1986.)

*Richard A. Castellini,* city solicitor, *Paul J. Gorman,* city prosecutor, and *James S. Ginocchio,* for appellee.

*Peter W. Swenty,* for appellant.

*Kimpel, Hyland, Weinkam & Goodson Co., L.P.A.,* and *John W. Hauck,* urging reversal for *amicus curiae,* Helen M. Butler.

*Per Curiam.* In response to what has been labeled as "* * * the catastrophes associated with drunk driving, the tragic loss of life and the permanent debilitating injuries that * * * have reached nearly epidemic proportions" as a result of motor vehicles being operated by persons under the influence of alcohol, the General Assembly enacted sweeping legislation aimed at correcting the problem, effective March 16, 1983. *Columbus v. Adams* (1984), 10 Ohio St. 3d 57, 59. At issue in the instant case is the interplay between R.C. 2935.33(B)[2] and 4511.99,[3] as those statutes existed at the time of the offense in December 1983.

---

[2] At the time of the offense R.C. 2935.33(B) provided, in relevant part, as follows:

"If it appears to a judge at time of sentencing for a violation of * * * 4511.19 of the Revised Code, or a municipal ordinance substantially equivalent to such section, that the person convicted is an alcoholic or is suffering from acute alcohol intoxication and that such person would benefit from services provided by an alcoholic treatment and control center operated under Chapter 3720 of the Revised Code, the court may commit such person to close supervision in any center which serves the area wherein the court has jurisdiction in lieu of imprisonment. Such close supervision may include out-patient services and part-time release, *except that a person convicted of a violation of section 4511.19 * * * shall be confined to the center for at least three days. * * *"* (Emphasis added.)

[3] In pertinent part, R.C. 4511.99 provided at the time of the offense as follows:

"(A) Whoever violates section 4511.19 of the Revised Code is guilty of a misdemeanor of the first degree, in addition to the license suspension or revocation provided in section 4507.16 of the Revised Code.

"(1) If the offender has not been convicted, within five years of the offense, of a violation of section 4511.19 of the Revised Code, a municipal ordinance relating to operating a motor vehicle while under the influence of alcohol, a drug of abuse, or both, or of section 2903.06 or 2903.07 of the Revised Code in a case in which the jury or judge found that the offender was under the influence of alcohol, a drug of abuse, or both, he shall be sentenced to a term of imprisonment of three consecutive days and may be sentenced to a longer term of imprisonment. In addition, the offender shall be fined not less than one hundred fifty nor more than one thousand dollars.

"(2) If the offender has been convicted, within five years of the offense, of a violation of section 4511.19 of the Revised Code, a municipal ordinance relating to operating a motor vehicle while under the influence of alcohol, a drug of abuse, or both, or of section 2903.06 or 2903.07 of the Revised Code in a case in which the jury or judge found that the offender was under the influence of alcohol, a drug of abuse, or both, he shall be sentenced to a term of imprisonment of ten consecutive days and may be sentenced to a longer term of imprisonment. In addition, the offender shall be fined not less than one hundred fifty nor more than one thousand dollars.

In *State, ex rel. Phillips,* v. *Andrews* (1977), 50 Ohio St. 2d 341 [4 O.O.3d 480], we had occasion to review the apparent inconsistency wherein imprisonment is deemed mandatory under R.C. 4511.99, yet discretion is granted to judges under R.C. 2935.33 to sentence offenders to qualified treatment centers in lieu of imprisonment. In construing the statutes *in pari materia* we reasoned at 344:

"R.C. 2935.33 was enacted by the General Assembly during the same session in which the mandatory three-days imprisonment provision was added to R.C. 4511.99, and R.C. 2935.33 was further amended in 1975 and 1976. If the General Assembly had deemed there to be a conflict or incongruity between these two statutory provisions, that body had ample time to amend, repeal, or otherwise clarify any existing incongruity. It did not do so.

"It is axiomatic that consistency in statutes is important and that statutes should, if possible, be construed so as to reconcile their provisions. It is our opinion that giving a judge the option to imprison an offender for three days under [R.C.] 4511.99(A) or commit him for treatment under R.C. 2935.33(B) most nearly achieves this end."

In *Wadsworth* v. *Slanker, supra,* the court of appeals concluded at 301-302 that in the final analysis no difference in ultimate effect existed under R.C. 4511.99(A) prior to the amendment in March 1983, where it was provided that "* * * [a]t least three days' imprisonment is mandatory * * *," and after the amendment where, pursuant to R.C. 4511.99(A)(5), it stated that "* * * no court shall suspend the three, ten or thirty consecutive days of imprisonment required to be imposed by divisions (A)(1), (2) and (3) [respectively] * * *." The *Wadsworth* court then reasoned that pursuant to the decision in *State, ex rel. Phillips,* a trial court retained discretion to employ R.C. 2935.33(B) when sentencing multiple offenders under R.C. 4511.99(A)(2) and (3).

Initially, we agree with the court in *Wadsworth* that the March 1983 amendments to R.C. 4511.99 did not offset the holding in *State, ex rel. Phillips.* That case, however, was confined to a three-day sentence. As advanced by appellee, it is indeed questionable whether the provisions of

---

"(3) If the offender has been convicted within five years of the offense, of more than one violation of section 4511.19 of the Revised Code, a municipal ordinance relating to operating a motor vehicle while under the influence of alcohol, a drug of abuse, or both, or of section 2903.06 or 2903.07 of the Revised Code in a case in which the jury or judge found that the offender was under the influence of alcohol, a drug of abuse, or both, he shall be sentenced to a term of imprisonment of not less than thirty consecutive days nor more than one year. In addition, the offender shall be fined not less than one hundred fifty nor more than one thousand dollars.

"* * *

"(5) Notwithstanding sections 2929.51 and 2951.02 of the Revised Code and any other section of the Revised Code that authorizes the suspension of a sentence, no court shall suspend the three, ten, or thirty consecutive days of imprisonment required to be imposed by divisions (A)(1), (2) and (3) of this section."

R.C. 2935.33(B) could ever be applied to a statutory minimum sentence exceeding three days of imprisonment for a violation of R.C. 4511.19. The strength of appellee's argument lies in that portion of R.C. 2935.33(B) providing "* * * that a person convicted of a violation of section 4511.19 * * * *shall be confined to the center for at least three days.*" (Emphasis added.) At the time of the decision in *State, ex rel. Phillips,* the minimum sentence for those convicted of drunk driving, even for repeat offenders, was three days of imprisonment. Thus, the terms of R.C. 2935.33(B) and 4511.99(A) coincided. After the March 1983 amendments, however, while the minimum prison term for first offenders remained at three days, the minimum terms of imprisonment for multiple offenders increased to either ten or thirty days.

It is appellee's contention that by virtue of its failure to also amend R.C. 2935.33(B) in 1983, the General Assembly intended that judges only retain discretion to sentence first-time "DWI" offenders to qualified treatment centers in lieu of imprisonment for three-day periods. We agree, for if the General Assembly had intended that judges retain such discretion for multiple offenders, R.C. 2935.33(B) would, by necessary implication, have been amended to provide "that a person convicted of a violation of section 4511.19 * * * shall be confined to the [treatment] center for at least three days, [ten days or thirty days]." Accordingly, in conjunction with the doctrine of *expressio unius est exclusio alterius,* we conclude that the provision contained within R.C. 2935.33(B) for three days of confinement in a qualified alcoholic treatment center in lieu of imprisonment is not an available substitute for multiple offenders of R.C. 4511.19 who are subject to a minimum sentence of either ten or thirty days of imprisonment under R.C. 4511.99(A)(2) and (3). Moreover, to accept appellant's construction of the statutes in question would allow trial courts, in their discretion, to sentence even multiple offenders to just three days of confinement in a qualified treatment center in lieu of imprisonment despite the General Assembly's attempt under R.C. 4511.99(A)(2) and (3) to stiffen those penalties. Thus, contrary to the well-settled principle that a statutory provision should not be interpreted so as to produce absurd results, acceptance of appellant's construction of the provisions would produce just such a result. Accord *State* v. *Nickles* (1953), 159 Ohio St. 353 [50 O.O. 322], paragraph one of the syllabus.

Finally, it must be emphasized that in an attempt to further clarify the interaction between R.C. 2935.33(B) and 4511.99, the General Assembly, effective April 4, 1985, amended R.C. 4511.99(A)(5)[4] to provide as follows:

"Notwithstanding any section of the Revised Code that authorizes the suspension of the imposition or execution of a sentence or the placement of an offender in any treatment program in lieu of imprisonment, no court shall suspend the ten or thirty consecutive days of imprisonment required

---

[4] 140 Ohio Laws, Part II, 3841, 3842-3845.

to be imposed by division (A)(2) or (3) of this section or place an offender who is sentenced pursuant to division (A)(2) or (3) of this section in any treatment program in lieu of imprisonment until after the offender has served the ten or thirty consecutive days of imprisonment required to be imposed pursuant to division (A)(2) or (3) of this section. * * *''

The foregoing legislative amendment does not affect the discretion of a trial court to impose a three-day sentence at a qualified treatment facility in lieu of imprisonment for persons convicted of a violation of R.C. 4511.19, or similar municipal ordinance, where the offender has not been so convicted within five years of the offense; however, trial courts are precluded from exercising such a sentencing option with regard to multiple offenders under R.C. 4511.99(A)(2) and (3). Although it is uncertain whether this portion of the amendment was promulgated as a result of the holding in *Wadsworth,* we conclude that the amendment constitutes a clarification of what the General Assembly intended in 1983, and not a substantive change in the statute. See, *e.g., State, ex rel. Boyd,* v. *Frigidaire Div.* (1984), 11 Ohio St. 3d 243, 244-245; *State, ex rel. Bunch,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 423, 428 [16 O.O.3d 449], citing *Lytle* v. *Baldinger* (1911), 84 Ohio St. 1, 8.

For all of the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and DOUGLAS, JJ., concur.

WRIGHT, J., concurs in judgment only.