## State
### v.
### Air Clean Damper Co.
*[Cite as 2 AOA 665]*

*Case No. CA89-04-024*
*Clermont County, (12th)*
*Decided March 5, 1990*

R.C. 2929.51
R.C. 3734.99

*Anthony J. Celebrezze, Jr. Ohio Attorney General, Philip E. Haffenden and Brad L. Tammaro, 30 East Broad Street, 25th Floor, Columbus, Ohio 43266-0410, for plaintiff-appellant.*

*Walker, Bradford & Hill, Ralph A. Hill, 40 South Third Street, Batavia, Ohio 45103, for defendant-appellee.*

HENDRICKSON, J.

This is an appeal by plaintiff-appellant, state of Ohio, from a decision of the Clermont County Court of Common Pleas suspending a portion of the fine imposed upon defendant-appellee, Air Clean Damper Company, Inc., for a violation of the solid waste disposal provisions of the Ohio Revised Code.

On June 1, 1987, the Clermont County Grand Jury returned a two-count indictment against appellee. Count one charged appellee with illegal disposal of hazardous waste pursuant to R.C. 3734.02(F), 3734.11, 3734.99 and 2901.23.[1] Count two charged appellee with illegal failure to evaluate waste as required by Ohio Adm. Code 3745-52-11 pursuant to R.C. 3734.11, 3734.99 and 2901.23.

On February 6, 1989, appellee pleaded guilty to illegal disposal of hazardous waste pursuant to a plea agreement in which the state agreed to dismiss the charge of illegal failure to evaluate waste. On March 22, 1989, the trial court imposed a fine of $10,000 and costs, suspended $8,500 of the fine, and placed appellee on probation for two years. This appeal followed.

In its sole assignment of error, the state claims that the trial court erred by suspending $8,500 for the $10,000 minimum fine imposed upon appellee pursuant to R.C. 3734.99. The state argues that the legislature intended the penalty provisions of R.C. 3734.99 to be mandatory and therefore the trial court had no authority to suspend any part of the minimum fine. We find this assignment of error is not well-taken.

R.C. 3734.99(A) in effect at the time of the offense, provided:

"(A) Except as otherwise provided in division (B) of this section, whoever recklessly violates any section of this chapter, except section 3734.18 of the Revised Code, governing the storage, treatment, transportation, or disposal of hazardous waste is guilty of a felony and shall be fined at least ten thousand dollars but more than twenty-five thousand dollars or imprisoned for at least two years but not more than four years, or both. *** Each day of violation constitutes a separate offense."

In suspending part of the $10,000 fine, the trial court relied upon R.C. 2929.51 which specifies the various ways in which a trial court may modify sentences imposed for felonies or misdemeanors. R.C. 2929.51(F) provides that at the time of sentencing and after sentencing when a fine is imposed, the trial court may "[s]uspend all of any portion of the fine, upon any conditions that the court imposes in the

interests of justice and the correction and rehabilitation of the offender ***."

Under Section 1, Article II of the Ohio Constitution, the power to prescribe punishment for criminal offenses rests with the legislature. The trial courts of Ohio do not have the inherent power to suspend execution of a sentence in a criminal case and may only suspend imposition of a sentence as is authorized by statute. *Municipal Court of Toledo v. State, ex rel. Platter*, (1933), 126 Ohio St. 103, paragraphs one, three and four of the syllabus; *State* v. *Summers* (June 13, 1988), Preble App. No. CA87-12-030, unreported, at 10. Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence void. *Municipal Court of Toledo, supra*, at paragraph four of the syllabus.

The question remains then what language does the legislature use to authorize the trial court to suspend a sentence? Must it do so explicitly or may it do so by implication? The state argues that the trial court has no authority to suspend a sentence unless explicitly authorized by statute. Appellee, on the other hand, argues that the trial court has authority to suspend a sentence, unless a statute explicitly states that a sentence may not be suspended. We believe that appellee's position is more reasonable and more in line with legislative intent. We do not believe the legislature intended to "tie the hands" of the trial court in every situation where it did not expressly and explicitly provide that the trial court may suspend a sentence.

The state argues that the use of the words "shall be fined at least ten thousand dollars but not more than twenty-five thousand dollars" in R.C. 3734.99 is a clear expression of the legislative intent to create a mandatory minimum sentence, and therefore the trial court is without authority to suspend any portion of the minimum sentence.

In support of its position, the state relies upon numerous cases in which the court held that under the terms of a particular statute, a sentence may not be suspended. However, the state's reliance on these cases in misplaced as they involve the interpretation of statutes which provide for a mandatory sentence that cannot be suspended.

For example, in *State* v. *Oxenrider* (1979), 60 Ohio St. 2d 60, the defendant pleaded guilty to a charge of aggravated trafficking in marijuana in violation of R.C. 2925.03(A) (7). R.C. 2925.03 (E)(3) provided that the offense is

a second degree felony and that the court shall impose a sentence of "actual incarceration" of six months. The trial court determined that the defendant was not eligible for "split" sentencing under R.C. 2929.51(A). The Ohio Supreme Court affirmed noting that the legislature had specifically defined "actual incarceration" to mean that "a person is required to be imprisoned for the stated period *notwithstanding any contrary provisions for suspension of sentence, probation*, shock probation, parole, and shock parole ***." (Emphasis in original.) *Id.* at 61, quoting R.C. 2925.01(D).

In *State* v. *Johnson* (1986), 23 Ohio St. 3d 127, the defendant was convicted of violating R.C. 4511.19(A) (1), driving under the influence of alcohol, his third conviction within a five-year period. Prior to sentencing, he entered an alcoholic treatment center where he received thirty days of continuous treatment for alcoholism. At the sentencing hearing, he requested that his thirty-day enrollment in the treatment center be credited in lieu of imprisonment pursuant to R.C. 2935.33(B). This request was granted by the trial court. The court of appeals reversed. The Ohio Supreme Court affirmed the decision of the appellate court noting that R.C. 4511.19(A) had been amended by the legislature to stiffen the penalties for repeat offenders. R.C. 4511.19(A) (3) provided that if an offender pleads guilty or is convicted of more than one violation of R.C. 4511.19 within five years, then the court shall sentence the offender to a term of imprisonment of thirty consecutive days. The court made specific mention of the fact that R.C. 4511.99(A) (5) had been amended subsequent to the offense to provide that "[n]otwithstanding any section of the Revised Code that authorizes the suspension of the imposition or execution of a sentence or the placement of -an offender in any treatment program in lieu of imprisonment, no court shall suspend *** the thirty consecutive days of imprisonment *** or place an offender *** in any treatment program in lieu of imprisonment until after the offender has served the *** thirty days of consecutive imprisonment ***." *Id.* at 130-31. The court stated that the amendment served to clarify the intent of the legislature which was to provide stiff penalties for driving while under the influence of alcohol. Therefore, confinement in a qualified alcoholic treatment center was not available to multiple offenders in lieu of imprisonment.

*State* v. *Cravens* (1988), 42 Ohio App. 3d 69, was a consolidated appeal in which both

defendants were convicted of aggravated trafficking in cocaine in violation of R.C. 2923.05. The court noted that prior to the offenses, the legislature had amended R.C. 2925.03 by adding divisions (H) through (L) providing for the imposition of "mandatory fines" for certain drug trafficking offenses. It concluded that these "mandatory fines" may not be suspended under R.C. 2929.51(F), stating that "[w]e find in the use of 'mandatory fine' the same restrictions in sentencing discretion as was meant by the use of 'actual incarceration.'" *Id.* at 72. In arriving at this conclusion, the court noted that the word "mandatory" has a well known meaning, "[i]mperative. Required to be done or performed. Compulsory, not a matter of discretion." *Id.* at 72, quoting Ballentine's Law Dictionary (3rd Ed. 1969) 771. It found persuasive the fact that R.C. 2925.03(H) "begins with the phrase '[n]otwithstanding the fines otherwise required to be imposed' under R.C. 2929.11 (penalties for felonies) and 2929.31 (organizational penalties), and 'notwithstanding' R.C. 2929.14 (guidelines for the imposition of fines in general). This says to us that the mandatory drug fines are in a different category than the fines otherwise assessable for felonies, and that the general statutes do not control in the specific instances listed in [R.C. 2925.03(H)]." *Id.* at 72-73.

For other examples of cases finding that the legislature used language making sentences mandatory, see *State, ex rel. Moraites*, v. *Gorman* (1975), 42 Ohio St. 2d 175; *State* v. *Bonello* (1981), 3 Ohio App. 3d. 365; *Summers, supra; State* v. *Jones* (May 18, 1988), Guernsey App. No. 87-CA-30, unreported; *State* v. *Smith* (Mar. 26, 1987), Montgomery App. Nos. 9617 and 9636, unreported. Thus, where the General Assembly has seen fit to provide in the statute, whether as originally adopted or by amendment, that some part of the penalty shall not be suspended, that portion of the sentence is mandatory. However, R.C. 3734.99 contains no such provision.

Although R.C. 3734.99, in providing the penalty, uses the word "shall," many of the criminal sentencing statutes use the word "shall" yet the penalties may be suspended pursuant to R.C. 2929.51. Consequently, in the absence of a clear directive from the legislature to impose the penalty without suspending any portion thereof, the trial court possessed the authority to do so pursuant to R.C. 2929.51(F).

The state further argues that R.C. 3734.99 is not governed by the sentencing provisions of R.C. Title 29 because the legislature intended it to be free standing and independent of other code provisions. It also argues that R.C. 3734.99 is a specific statute, enacted to combat environmental crime only, and that as a specific statute, it controls over the general provisions relating to sentencing in R.C. Title 29. There is no merit to these arguments.

Certainly, the legislature did not intend R.C. 3734.99 to be independent of R.C. Title 29 because by its very language, R.C. 3734.99 is dependent upon R.C. Title 29. Chapter 3734 cannot stand alone in the prosecution, conviction and sentencing of violations of environmental laws. R.C. 3734.99 uses the term "recklessly" for the degree of culpability, a term which is not defined in Chapter 3734, but in R.C. 2901.22(C). Furthermore, Chapter 3734 classifies a violation as a "felony." "Felony" is not defined in Chapter 3734, but in R.C. 2901.02. Both, R.C. 2923.01 (conspiracy) and R.C. 2923.02 (attempt), refer to and include R.C. Chapter 3734. Moreover, courts have indicated that other provisions of the criminal code are applicable in prosecutions for violations of environmental laws. See *State* v. *Campbell* (1983), 13 Ohio App. 3d 348, 352-53 (multiple violations of R.C. 3734.02[F] are not allied offenses of similar import under R.C. 2941.25[B]). Violations of R.C. Chapter 3734 are criminal offenses and the provisions of the criminal code must apply if these offenses are to be prosecuted.

Further, even though R.C. 3734.99 is a specific statute, it does not necessarily control over the general provisions of R.C. Title 29. "If a general provision conflicts with a special provision, *** they shall be construed, if possible, to give effect to both." It is only if the conflict between the provisions is irreconcilable that a specific provision will prevail as an exception to the general provision. R.C. 1.51. There is no conflict between R.C. 3734.99 and R.C. 2929.51 because there is no clearly manifested legislative intent that the fines imposed under R.C. 3734.99 cannot be suspended.

Consequently, it follows that the trial court had the authority to suspend the fine imposed on appellee pursuant to R.C. 3734.99. Therefore, since the imposition or suspension of a sentence is within the discretion of the trial judge, an appellate court can reverse only if there is an abuse of discretion. See *State* v. *Gotsis* (1987), 13 Ohio App. 3d 282, 286. There is no evidence of an abuse of discretion. Accordingly, the state's sole assignment of error is overruled.

*Judgment affirmed.*

JONES, P.J., and YOUNG, J., Concur.

---

[1] R.C. 2901.23 is the code provision relating to organizational criminal liability.