The STATE of Ohio, Appellant,

v.

SMATHERS, Appellee.

[Cite as *State v. Smathers* (1996), 113 Ohio App.3d 155.]

Court of Appeals of Ohio,
Fourth District, Athens County.

No. 95CA1690.

Decided July 29, 1996.

*Garry E. Hunter*, Director of Law, and *George P. McCarthy*, Athens City Prosecutor, for appellant.

*Mollica, Gall, Sloan & Sillery Co., L.P.A.*, for appellee.

HARSHA, Judge.

The state of Ohio has been granted leave to appeal the decision of the Athens County Municipal Court which suspended part of the fine it imposed against

Samuel Smathers for furnishing alcohol to a minor. The state assigns the following error:

"The trial court's suspension of $475 of a $500 mandatory fine was arbitrary, unreasonable and capricious."

Smathers entered a plea of no contest to furnishing alcohol to a minor in violation of R.C. 4301.69. The court found him guilty and imposed a fine of $500, ten days in jail and court costs. All of the jail time was suspended, as was $475 of the fine. The appellant contends that the trial court was without authority to suspend the fine specified by the penalty provisions of R.C. 4301.99(J) because that section uses the mandatory word "shall" in describing the fines to be imposed for a violation of R.C. 4301.69(A).

R.C. 4301.99(J) stated (now 4301.99[I]):

"Whoever violates division (A) of section 4301.69 * * * shall be fined not less than five hundred and not more than one thousand dollars, and, in addition to the fine, may be imprisoned for a definite term of not more than six months." See 145 Ohio Laws, Part II, 2198, 2209.

R.C. 2929.51(F) provides:

"At the time of sentencing and after sentencing, when a fine is imposed, the court may:

"(1) Suspend all or any portion of the fine, upon any conditions that the court imposes in the interests of justice and the correction and rehabilitation of the offender[.]"

■ The cardinal rule of construction for criminal statutes is R.C. 2901.04, which states:

"(A) Sections of the Revised Code defining offenses or *penalties* shall be strictly construed against the state, and liberally construed in favor of the accused." (Emphasis added.)

With this rule firmly in mind, we are asked to determine whether the legislature intended to authorize suspension of a fine when there is no express authorization for the suspension in the applicable penalty provision. Like our colleagues in the Twelfth District, see *State v. Air Clean Damper Co.* (1990), 63 Ohio App.3d 656, 579 N.E.2d 763, we conclude that they did, and affirm the judgment of the trial court. In doing so, we quote extensively from that opinion.

*Air Clean Damper Co.* involves a strikingly similar set of facts. The defendant in that case was found guilty of violating a statutory prohibition against illegal disposal of hazardous wastes. The trial court imposed a fine of $10,000 and costs, but suspended $8,500 of the fine. The state appealed, but the Court of Appeals

for Clermont County affirmed the trial court's authority to suspend part of the fine, even though the penalty provision used the words "shall be fined at least ten thousand dollars but not more than twenty-five thousand dollars * * *." In holding that R.C. 2929.51(F) authorized suspension of the $10,000 amount, the court noted:

"Under Section 1, Article II of the Ohio Constitution, the power to prescribe punishment for criminal offenses rests with the legislature. The trial courts of Ohio do not have the inherent power to suspend execution of a sentence in a criminal case and may suspend imposition of a sentence only as authorized by statute. *Municipal Court of Toledo v. State, ex rel. Platter* (1933), 126 Ohio St. 103, 184 N.E. 1, paragraphs one, three and four of the syllabus; *State v. Summers* (June 13, 1988), Preble App. No. CA87–12–030, unreported, at 10, 1988 WL 62948. Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence void. *Municipal Court of Toledo, supra,* at paragraph four of the syllabus.

"The question remains then what language does the legislature use to authorize the trial court to suspend a sentence? Must it do so explicitly or may it do so by implication? The state argues that the trial court has no authority to suspend a sentence unless explicitly authorized by statute. Appellee, on the other hand, argues that the trial court has authority to suspend a sentence, unless a statute explicitly states that a sentence may not be suspended. We believe that appellee's position is more reasonable and more in line with legislative intent. We do not believe the legislature intended to 'tie the hands' of the trial court in every situation where it did not expressly and explicitly provide that the trial court may suspend a sentence.

" * * *

"Although R.C. 3734.99, in providing the penalty, uses the word 'shall,' many of the criminal sentencing statutes use the word 'shall' yet the penalties may be suspended pursuant to R.C. 2929.51. Consequently, in the absence of a clear directive from the legislature to impose the penalty without suspending any portion thereof, the trial court possessed the authority to suspend sentence pursuant to R.C. 2929.51(F)." *Air Clean Damper Co.,* 63 Ohio App.3d at 658–661, 579 N.E.2d at 765–766.

As the appellee and the court in *Air Clean* aptly noted, when the legislature intends for penalties to be nondiscretionary, statutes contain specific directory language such as "notwithstanding any contrary provisions," "mandatory fines," and "mandatory nonsuspendable fines." See *State v. Oxenrider* (1979), 60 Ohio St.2d 60, 14 O.O.3d 235, 396 N.E.2d 1034; *State v. Johnson* (1986), 23 Ohio St.3d 127, 23 OBR 283, 491 N.E.2d 1138; *State v. Cravens* (1988), 42 Ohio App.3d 69, 536 N.E.2d 686; *Akron v. Smith* (1992), 82 Ohio App.3d 57, 611 N.E.2d 435.

158

■ In sum, we hold that where the legislature intends to preclude suspension of penalties as authorized by R.C. 2929.51(F), it must do so explicitly or the trial court maintains the authority to exercise its discretion in imposing sentence.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

STEPHENSON and KLINE, JJ., concur.