OPINION
The defendant-appellant, Mark Farewell ("appellant"), appeals the judgment of the Van Wert Municipal Court finding him in contempt of court. The appellant also appeals the trial court's imposition of fines in addition to the maximum jail sentence. For the following reasons, we reverse the judgments of the trial court.
The pertinent facts and procedural history in this matter are as follows. On May 1, 2000, the appellant was arraigned in the Van Wert Municipal Court on one count of driving with a prohibited blood alcohol concentration ("DUI"), in violation of R.C. 4511.19(A)(3), and one count of operating a vehicle while under a license suspension, in violation of R.C. 4507.02(C). The appellant entered no contest pleas to both charges and waived his right to counsel. After the city law director read the charges into the record, the court found the appellant guilty and proceeded to sentencing.
On the charge of driving under a license suspension, the trial court sentenced the appellant to sixty days in jail, $150 fine. The court suspended the jail sentence and placed the appellant on two years probation. On the DUI charge, as this was the appellant's third such charge in six years, the court sentenced him to 360 days in jail, an $800 fine, and suspended his driver's license for five years.
After the appellant was sentenced and the court convened for the day, he was taken by a police officer to the Clerk of Court's Office for processing. While being processed the appellant made derogatory statements about the trial judge and the sentence he had imposed. After making the statements, the appellant was handcuffed and taken out of the clerk's office without being processed.
On May 4, 2000, three days later, the appellant was brought back to the Van Wert Municipal Court to face contempt of court charges. The appellant had not been given notice of these charges. At that time, the trial judge asked the police officer who had accompanied the appellant to the clerk's office to state for the record what he heard. The officer was not placed under oath, nor was the appellant permitted to cross-examine him. The court asked the appellant if the statements were true, to which the appellant replied "yes." The trial court then found the appellant guilty of contempt and sentenced him to thirty days in jail to be served consecutively with his previous sentence.
It is from these judgments that the appellant now appeals, asserting three assignments of error.
 Assignment of Error No. 1
The trial court erred in imposing fines when it had imposed the maximum jail sentence in violation of R.C. 2929.22.
The appellant contends that the trial court erred in imposing a fine above the statutory minimum without first inquiring as to his ability to pay. For the following reasons, we agree.
It is undisputed that the appellant's conviction for driving under the influence in this case is his third such offense within a six-year period. Therefore, pursuant to R.C. 4511.99(A)(3)(a) the trial court is required to impose a fine of not less than five hundred ($500) and not more than two thousand five hundred dollars ($2500).[1] In this case, the trial court imposed a fine of eight hundred dollars ($800), three hundred dollars over the statutory minimum.
The Supreme Court of Ohio has held that the minimum mandatory sentence and fine provisions set forth in R.C. 4511.99 are properly within the scope of the General Assembly's adoption of the Criminal Code. Stateex. rel. Owens v. McClure (1976), 48 Ohio St.2d 1. Furthermore, such mandatory fines do not conflict with R.C. 2929.22, which sets forth criteria to be used by trial courts when determining misdemeanor sentences. The criteria afforded by R.C. 2929.22 are available for use by courts in determining the severity of the sentence beyond the statutory minimum. Id. at 2. Therefore, the following inquiry will apply only to the amount of the fine over and above statutory minimum of $500 as required by R.C. 4511.99, i.e. $300.
As stated previously, R.C. 2929.22 sets forth the criteria to be used by courts in determining sentences for misdemeanors. R.C. 2929.22
provides in pertinent part:
 (E) The court shall not impose a fine in addition to imprisonment for a misdemeanor, unless a fine is specially adapted to deterrence of the offense or the correction of the offender, the offense has proximately resulted in physical harm to the person or property of another, or the offense was committed for hire or for purpose of gain.
 (F) The court shall not impose a fine or fines which, in the aggregate and to the extent not suspended by the court, exceeds the amount the offender is or will be able to pay by the method and within the time allowed without undue hardship to himself or his dependents, or will prevent him from making restitution or reparation to the victim of his offense.
When a trial court fails to consider whether a defendant will be able to pay an imposed fine without undue hardship as required by R.C.2929.22(F), the court abuses its discretion. State v. Stevens (1992),78 Ohio App.3d 847; State v. Haberman (Feb. 1, 1994), Union App. Nos. 14-93-25 and 14-93-24, unreported.
The record in this matter is completely silent with regards to the appellant's ability to pay. While it has been held that a silent record raises the presumption that the trial court correctly considered the appropriate sentencing criteria, there is no evidence in this case that the trial judge had knowledge of the appropriate criteria, i.e. the appellant's financial situation, and therefore it cannot be presumed that it was considered. Furthermore, we believe R.C. 2929.22(E) and (F) impose an affirmative duty on the trial court to justify its decision to impose both a fine and imprisonment for a misdemeanor. State v. Polick (1995),101 Ohio App.3d 428. Subsection (E) restricts application of both situations where certain factual conditions exist. Subsection (F) also relates to the factual existence of the ability to pay. Id. at 432. Without some inquiry or explanation by the trial court, we are unable to review the decision and determine whether the sentence imposed conforms with the criteria set forth in R.C. 2929.22.
It is clear from the limited record in this case that the trial court made absolutely no inquiry whatsoever into the appellant's ability to pay the fine. Thus, the appellant's first assignment of error is well-taken and the fine imposed by the trial court on the charge of DUI is reduced to the statutory minimum amount of $500.
 Assignment of Error No. 2
The trial court denied Defendant due process of law when it found him guilty of and sentenced him to a jail term and a fine for alleged contempt of court without providing him notice of the charge, without allowing him to cross-examine witnesses or to present his own evidence, and without notifying him of his right to be represented by an attorney.
The appellant contends that the proceedings for contempt were held in violation of his due process rights. For the following reasons, we agree.
Two categories of contempt are recognized in Ohio: direct and indirect. The process due to the accused depends upon which type of contempt is involved.
R.C. 2705.01 provides the following concerning direct contempt:
 A court, or judge at chambers, may summarily punish a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice.
Hence, since direct contempt interferes with the judicial process, the court may summarily deal with it in order to secure the uninterrupted and unimpeded administration of justice. In re Parker (1995),105 Ohio App.3d 31.
Indirect contempt is misbehavior, which is committed outside the presence of the court. R.C. 2705.02. R.C. 2705.03 provides that in cases of indirect contempt a full hearing must be held. Specifically, R.C.2705.03 provides:
 In cases under 2705.02 of the Revised Code, a charge in writing shall be filed with the clerk of the court, an entry thereof made upon the journal, and an opportunity given to the accused to be heard, by himself or counsel. * * *
In case at bar, while not specified, given the trial court's summary disposition of the matter, it is clear the court was charging the appellant with direct contempt under R.C. 2705.01. As stated above, direct contempt encompasses conduct in the presence of the court, which obstructs the administration of justice. The appellant's alleged contemptuous conduct occurred outside the courtroom, but only ten feet from the open door of the judge's chambers. The judge was in his chambers at the time, but the record fails to reflect whether or not the judge actually heard the appellant's comments. Therefore, it is unclear whether the contemptuous conduct occurred in the presence of the trial court.
Regardless, it cannot be said that the actions of the appellant obstructed the administration of justice. In State v. Conliff (1978),61 Ohio App.2d 185, the court issued this caveat:
 "Because of the summary nature of a direct contempt conviction, the court must be careful to guard against confusing actions or words which are contemptuous to the judge's personal feelings or sensibilities and actions or words which constitute punishable, criminal contempt of a summary nature because of posing an actual or imminent threat to the administration of justice." Citing In re Little (1972), 404 U.S. 553, 555.
In the case sub judice, while this Court does not condone this type of rude, obnoxious conduct, we cannot find that it is punishable as direct contempt because the comments did not pose an imminent threat to the administration of justice. Id. Furthermore, the fact that the court waited three days before punishing the appellant for his actions shows that there was no imminent threat to the obstruction of justice.
As we fail to see how the ill-mannered verbal outburst of the appellant constituted an imminent threat to the administration of justice, the trial court's summary disposition in this matter was in error. Accordingly, the appellant's second assignment of error is well taken and is sustained.
 Assignment of Error No. 3
The trial court's determination that Defendant's behavior constituted contempt was not supported by sufficient evidence.
This Court's finding that the trial court erred in finding the appellant guilty of direct contempt renders this assignment of error moot.
Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court finding the appellant guilty of contempt and amend the fine imposed on the DUI charge to $500.
 _________________ HADLEY, J.
 BRYANT and SHAW, JJ., concur.
[1] A mandatory term of imprisonment of at least thirty consecutive days is also required under R.C. 4511.99(A)(3)(a). The trial court may sentence the offender to a definite term of imprisonment of not more than one year.