DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment of conviction and sentence. The jury found Timothy J. Slater, defendant below and appellant herein, guilty of failing to comply with the order of a police officer in violation of R.C.2921.331(B). Appellant assigns the following errors for review:
FIRST ASSIGNMENT OF ERROR:
 {¶ 2} "THE TRIAL COURT DENIED MR. SLATER HIS RIGHTS UNDER R.C. § 2929.19(B) AND TO DUE PROCESS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS AND ABUSED ITS DISCRETION BY IMPOSING A FINE WITHOUT INQUIRING INTO HIS ABILITY TO PAY WITHOUT UNDUE HARDSHIP, AS REQUIRED UNDER R.C. § 2929.19(B)."
SECOND ASSIGNMENT OF ERROR:
 {¶ 3} "THE TRIAL COURT DENIED MR. SLATER HIS RIGHTS TO DUE PROCESS AND EQUAL PROTECTION UNDER THE OHIO AND UNITED STATES CONSTITUTIONS AND ABUSED ITS DISCRETION BY SENTENCING HIM TO PAY AN UNDETERMINED AMOUNT IN COSTS UNDER R.C. § 2929.18(A)(4) AND BY DOING SO WITHOUT FIRST CONDUCTING THE INQUIRY REQUIRED BY R.C. §§ 2929.18(A)(4)(a)(ii) AND 2929.19(B)."
THIRD ASSIGNMENT OF ERROR:
 {¶ 4} "MR. SLATER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE ONE OF THE OHIO CONSTITUTION."
 {¶ 5} A brief summary of the facts pertinent to this appeal is as follows. On July 5, 2001, the Scioto County Grand Jury returned an indictment charging appellant with failure to comply with the order of a police officer, in violation of R.C. 2921.331(B), and with the felonious assault of a police officer, in violation of R.C. 2903.11(A)(1)/(D).[2]
Appellant pled not guilty to both charges and the matter came on for a jury trial on August 27, 2001. The jury found appellant guilty of the failure to comply charge, but acquitted the appellant on the felonious assault charge. The trial court immediately proceeded to sentencing and imposed a four year prison term and a $500 fine. Appellant was also ordered to pay the various and sundry costs of his prosecution and confinement. Judgment to that effect was entered August 29, 2001, and this appeal followed.[3]
 I {¶ 6} Appellant asserts in his first assignment of error that the trial court erred in imposing the $500 that fine without first considering his ability to pay. We agree.
 {¶ 7} The provisions of R.C. 2929.19(B)(6) provide that before a court imposes a financial sanction, "the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." (Emphasis added.) This statute does not require a trial court hold a specific hearing on the issue of ability to pay, although courts may choose to do so. State v. Kelly (2001), 145 Ohio App.3d 277, 282,762 N.E.2d 479; State v. Sillett, Butler App. No. CA2000-10-205, 2002-Ohio-2596; State v. Southerland, Butler App. No. CA2001-06-153, 2002-Ohio-1911. Rather, the statute requires that a court consider the offender's present and future ability to pay. State v. Martin (2000),140 Ohio App.3d 326, 338, 747 N.E.2d 318; State v. Karnes (Mar. 29, 2001), Athens App. No. 99CA42.
 {¶ 8} While it would be preferable for purposes of appellate review, a trial court need not expressly state in its final judgment that it considered the defendant's ability to pay a fine. We, however, look to the totality of the record to ensure that this requirement has been met. Compliance with R.C. 2929.19(B)(6) can be shown when a trial court considers a Pre-Sentence Investigation report (PSI) that details pertinent financial information, see e.g. Martin, supra; Karnes, supra, or when a transcript shows that the court at least considered the defendant's ability to pay. See e.g. State v. Finkes, Franklin App. No. 01AP-310, 2002-Ohio-1439; State v. McDonald, Delaware App. No. 01CA08033, 2002-Ohio-1122.
 {¶ 9} In the case sub judice, we find no indication in the record that the court considered appellant's ability to pay the fine that it imposed. We find no mention of the topic in the final judgment entry or in the transcript.[4] Further, there does not appear to have been any PSI prepared in this case to provide details of appellant's financial situation. Thus, we cannot find that the trial court complied with R.C.2929.19(B)(6) and considered whether appellant had the present or the future ability to pay the fine that the court imposed.
 {¶ 10} The prosecution does not dispute that the trial court did not consider appellant's ability to pay the fine. The prosecution counters, however, that appellant did not object to such omission and, thus, waived the issue. We are not persuaded. R.C. 2929.19(B)(6) imposes a legislative mandate with which trial courts must comply. State v.Adkins (2001), 144 Ohio App.3d 633, 647, 761 N.E.2d 94; State v. Fisher, Butler App. No. CA98-09-190, 2002-Ohio-2069; State v. Rivera-Carrillo, Butler App. No. CA2001-03-054, 2002-Ohio-1013. While criminal defendants may waive their own rights, they cannot waive a mandatory duty imposed on trial courts.
 {¶ 11} To be sure, there may be situations in which a defendant's actions alleviates a trial court of its mandatory obligation under the statute. For instance, had appellant admitted his ability to pay the fine, then no reason would exist for the court to further consider the matter. However, we find no information in the record of this case to indicate that appellant expressly relieved the court of its obligation.
 {¶ 12} For these reasons, the first assignment of error is well-taken and is hereby sustained.
 II {¶ 13} In his second assignment of error, appellant asserts that the trial court failed to determine whether he had the ability to pay the costs of confinement. Again, we agree.
 {¶ 14} The provisions of R.C. 2929.18(A)(4)(a)(ii) state that a trial court may impose financial sanctions, including costs of confinement, "provided that the amount of reimbursement ordered . . . shall not exceed the total amount of reimbursement the offender is able to pay as determined at a hearing and shall not exceed the actual cost of the confinement." Again, we find no indication in the record that the trial court conducted a hearing to determine the amount that appellant is able to pay toward the cost of confinement. We also find no indication what the cost of confinement will be. As appellant points out, this too (i.e. determination of amount) is required by statute at the time of sentencing.
 {¶ 15} Appellant also objects to the trial court's failure to determine whether he owes "the county" any reimbursement pursuant to R.C. 2929.18(A)(4)(b). By its terms, however, that provision applies only to confinement that is to be served in a "facility operated by a board of county commissioners, a legislative authority of a municipal corporation or another local governmental entity." Id. In the instant case the trial court's August 29, 2001 sentencing entry specifically remanded appellant to the Ohio Department of Rehabilitation and Corrections for a four year term to be served in the "appropriate state institution." Appellant was not sentenced to a local institution. Thus, the trial court was not required to make that determination.
 {¶ 16} Nevertheless, we agree with appellant's first contention that the trial court should have determined the amount of his cost of confinement and whether he was able to pay all, or what portion, of that cost. The prosecution again counters that appellant waived the issue by failing to object during the proceedings below. We reject this argument for the same reason we did with respect to the first assignment of error. R.C. 2929.18(A)(4)(a)(ii) states that the amount of reimbursement "shall not exceed the total amount of reimbursement the offender is able to pay as determined at a hearing . . ." (Emphasis added.) The word "shall" connotes a mandatory duty. See State v. Smathers (1996),113 Ohio App.3d 155, 156, 680 N.E.2d 676; also see In re Estate ofEarley, Washington App. No. 00CA34, 2001-Ohio-2586; Wilson v. Tucker
(Jan. 14, 1997), Ross App. No. 99CA2209. The Ohio General Assembly imposed this requirement on the trial court and, in the absence of some affirmative indication in the record that appellant expressly alleviated the court of its responsibility, we find that the trial court should have held a hearing to consider these matters.
 {¶ 17} For these reasons, the second assignment of error is well-taken and is hereby sustained.
 III {¶ 18} Appellant argues in his third assignment of error that he received ineffective assistance of counsel because his attorney did not object to the trial court's failure to consider whether he could pay the financial sanctions and costs imposed on him. However, in light of the fact that we have sustained his first two assignments of error on these points, this assignment of error is now rendered moot and will be disregarded pursuant App.R. 12(A)(1)(c).
 {¶ 19} Having sustained the first and second assignments of error, the judgment of the trial court is hereby affirmed in part and reversed in part. The case is remanded for further proceedings consistent with this opinion.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.[5]
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed in part, reversed in part, that the case be remanded for further proceedings consistent with this opinion and that appellant recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, J.: Concur in Judgment Opinion.
[2] The second count of the indictment was later amended to charge felonious assault of a police officer in violation of R.C.2903.11(A)(2)/(D).
[3] We note that the August 29, 2001 judgment entry does not specify the amount of court costs and confinement costs which appellant is obligated to pay. While this issue is technically unresolved, we presume that the computation of those costs are merely a "ministerial task" and would not affect our jurisdiction to consider this case under R.C. 2505.02. See State ex rel White v. Cuyahoga Metro Hous. Auth. (1997),79 Ohio St.3d 543, 546, 684 N.E.2d 72.
[4] The closest the trial court came to discussing appellant's financial situation was in asking him whether he could afford an attorney for appeal. Although appellant answered that he could not, we do not find this dispositive with regard to his ability to pay the fine. As several cases have aptly noted, the ability to pay a financial sanction over time is not equivalent to the ability to hire legal counsel which usually requires a retainer be paid up-front. See e.g. State v. Kelly (2001),145 Ohio App.3d 277, 284, 762 N.E.2d 479; State v. Johnson (1995),107 Ohio App.3d 723, 728, 669 N.E.2d 483.
[5] We hasten to emphasize that we are not passing on the question of whether appellant has the ability to pay his fine or the costs of his confinement. Rather, we hold only that the proper procedure was not followed to impose those sanctions.