By the Court.
 

 The following facts are summarized from the pleadings and stipulation filed in the Court of Appeals.
 

 The relatrix was defendant in a divorce action heard by the respondent, as trial judge, in which action a de
 
 *245
 
 cree for divorce for the husband was entered. Within three days after the entry thereof the relatrix filed a motion, with an affidavit attached thereto, to vacate that decree. At the hearing on that motion, the respondent, as trial judge, read the affidavit, requested counsel for relatrix to make a statement as to the evidence he expected to introduce and, after counsel for relatrix made such statement, the respondent ruled there was no ground for vacating the decree for divorce. Counsel for relatrix had three persons present, and a fourth person available, to testify as witnesses at the hearing on the motion to vacate the divorce decree, but the respondent, as trial judge, did not permit the introduction of further testimony. Immediately following the hearing in the courtroom of the respondent, the questioning of three of the witnesses took place in the chambers of the respondent, in the absence of the plaintiff in the divorce action and his counsel. The respondent judge saw and observed the questioning of the witnesses in his chambers and the recording of their testimony by the official court reporter.
 

 It is contended by relatrix that the respondent judge arbitrarily excluded from the bill of exceptions a portion of the proceedings which took place at the hearing on the motion by relatrix to vacate the divorce decree, and that as a matter of law the offer of testimony taken in the chambers of the respondent was a part of the proceedings.
 

 The respondent contends that the relatrix has an adequate remedy at law, since the divorce action is pending on appeal the Court of Appeals which can determine whether the respondent as trial judge committed erro'r in refusing to vacate the divorce decree on relatrix’s motion, the affidavit attached thereto and the statement of her counsel at the hearing on the motion. ; Counsel for relatrix admits in the brief filed in this court that an appeal in the divorce ease is pending in
 
 *246
 
 the Court of Appeals and that one of the assignments of error will be .the refusal of the respondent to permit the introduction of any testimony on the motion to vacate.
 

 We are of opinion that the judgment of the Court of Appeals in the instant case should be affirmed.
 

 The Court of Appeals has jurisdiction to determine in the appeal pending in the divorce case whether respondent committed error in overruling the motion.
 

 In the event the Court of Appeals finds that the motion, the affidavit in support thereof and the statement of counsel do not state a ground to set aside the decree, it follows that relatrix was not entitled to introduce testimony on such motion.
 

 The relatrix having an adequate remedy at law, the Court of Appeals committed no error in refusing to issue a writ of mandamus.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimbierbian, Bell, Williams, Turner, Matthias and Hart, JJ., concur.