By the Court.
 

 It appears from the petition and exhibits that an appeal on questions of law was perfected from the Probate Court to the Court of Appeals; that present relator made application for and was granted leave to intervene as party appellee in that appeal proceeding ; that his motion to affirm the judgment of the Probate Court was overruled; that the Court .of Appeals reversed the judgment of the Probate Court and remanded the cause to that court; that relator presented a bill of exceptions to the judges of the Court of Appeals; that appellant in that court filed objection to the bill and a motion to strike it from the files; and that the Court of Appeals sustained that motion.
 

 Counsel for relator states that “the object of this
 
 *459
 
 action is to perfect the record of the Court of Appeals in the case of
 
 In re Wisner,
 
 which is now case No. 31333 in this court.”
 

 That case is pending on an appeal as of right and on a motion to certify the record to this court. In event this court allows a motion to certify the record or retains that case for hearing on its merits, the action of the Court of Appeals in striking the purported bill of exceptions from the files will be considered by this court.
 

 Furthermore, there is also pending in this court a motion to certify to this court the record of the ¡Court of Appeals so far as it relates to striking the bill of exceptions from the files.
 

 The relator has availed himself of an adequate ordinary remedy at law. Therefore, the demurrer to the petition is sustained and a writ of mandamus is denied. Section 12287, General Code. Compare
 
 State, ex rel. Berman,
 
 v.
 
 Baer, Judge,
 
 147 Ohio St., 243, 70 N. E. (2d), 453.
 

 Writ denied.
 

 Weygandt, C. J., Turner, Matthias, Zimmerman, Sohngen and Stewart, JJ., concur.
 

 Hart, J., not participating.