THE STATE, EX REL. BOARDWALK SHOPPING CENTER, INC. ET AL., *v.*
COURT OF APPEALS FOR CUYAHOGA COUNTY.

[Cite as State, ex rel. Boardwalk Shopping Center, Inc., *v.* Court of Appeals for Cuyahoga Cty. (1990), 56 Ohio St. 3d 33.]

(No. 90-413—Submitted August 29, 1990—Decided December 12, 1990.)

*Sanford I. Atkin,* for relators.

*John T. Corrigan,* prosecuting attorney, and *Colleen C. Cooney,* for respondents.

*Reminger & Reminger Co., L.P.A.,* and *Robert D. Warner,* for intervenor Midwestern Indemnity Co.

*Per Curiam.* First, we grant Midwestern's motion to intervene and overrule relators' motion to strike. See *Ohio Dept. of Adm. Serv., Office of Collective Bargaining* v. *State Emp. Relations Bd.* (1990), 54 Ohio St. 3d 48, 562 N.E. 2d 125. Second, since respondent's motion presents evidence outside the pleadings, we treat it as a motion for summary judgment, which we hereby grant.

Relators' action is in mandamus. They must therefore establish that they have a clear legal right to relief prayed for, that respondent is under a clear legal duty to perform the act requested, and that there is no plain and adequate remedy in the ordinary course of law. *State, ex rel. Berger,* v. *McMonagle* (1983), 6 Ohio St. 3d 28, 6 OBR 50, 451 N.E. 2d 225. They have established none of these elements.

Relators argue that appeal of respondent's dismissal of the underlying action was not an adequate remedy because the respondent's October 13, 1989 order dismissing the appeal was not discovered until December 26, 1989, owing to the untimely death of relators' attorney in early October 1989. By December 26, the time for appeal to this court had expired. Relators also argue that appeal to this court is merely a discretionary matter and is therefore inadequate.

In *State, ex rel. Wisner,* v. *Judges* (1948), 149 Ohio St. 458, 37 O.O. 124, 78 N.E. 2d 901, we denied a requested writ of mandamus to compel a court of appeals to correct a bill of exceptions, stating:

"The relator has availed himself of an adequate ordinary remedy at law [appeal to this court]. Therefore, the demurrer to the petition is sustained and a writ of mandamus denied." 149 Ohio St. at 459, 37 O.O. at 124, 78 N.E. 2d at 901.

Later cases have sustained this principle in the context of appeals by the prosecution in criminal cases "by leave of court" under R.C. 2945.67, holding that such discretionary appeals are adequate remedies that will prevent issuance of both writs of mandamus and prohibition. See *State, ex rel. Corrigan,* v. *Griffin* (1984), 14

Ohio St. 3d 26, 14 OBR 328, 470 N.E. 2d 894; *State, ex rel. Cleveland,* v. *Calandra* (1980), 62 Ohio St. 2d 121, 16 O.O. 3d 143, 403 N.E. 2d 989; and *State, ex rel. Zoller,* v. *Talbert* (1980), 62 Ohio St. 2d 329, 16 O.O. 3d 391, 405 N.E. 2d 724. Moreover, in *Calandra,* we stated that "[u]ntil leave to appeal is sought and denied, a remedy in the ordinary course of law exists which is adequate to afford the review the appellant herein seeks." *Id.* at 122-123, 16 O.O. 3d at 144, 403 N.E. 2d at 990.

Further, appeal is not an inadequate remedy because relator has allowed the time for appeal to expire. "It is firmly established that the writ of mandamus will not issue '* * * where the relator has *or had available* a clear, plain and adequate remedy in the ordinary course of law.' " (Emphasis added.) *Berger, supra,* at 30, 6 OBR at 51, 451 N.E. 2d at 227, and cases cited therein. Relators could have filed a motion to certify the record instanter and offered proof that the death of their attorney of record prevented a timely appeal. Accordingly, we find that relators had a plain and adequate remedy in the ordinary course of law.

In its motion for summary judgment, respondent introduces evidence that the trial court granted summary judgment for Midwestern, effective July 6, 1989, then vacated that judgment, effective September 14, 1989, but reinstituted the same decision in a new judgment entry, also effective September 14. Relators explain their version of these events in their memorandum in opposition to respondent's motion for summary judgment. They state that Midwestern originally filed in the underlying action a motion for summary judgment, which was overruled on August 10, 1988; that the case was set for trial on June 2, 1989; that at about that time counsel for relators was forced to resign from the case because he might have to be a witness; and that Midwestern then filed a motion to reconsider its motion for summary judgment on June 15, 1989, which the trial court then granted, effective July 6, 1989. However, relators charge that the attorney for Midwestern committed "fraud" by causing notice of the motion to reconsider the motion for summary judgment to be sent to an invalid address where neither relators nor their attorney would receive it, and when the attorney for relators learned, on September 13, 1989, of the trial court's judgment entry of July 6, he immediately "explained" the fraud perpetrated on relators to the trial court, which caused the trial court to vacate the July 6 judgment and reenter the same judgment, effective September 14.

Thus, in effect, relators' attorney obtained a favorable ruling on a *de facto* and *ex parte* motion to reconsider the original judgment, a practice we disapproved in *Pitts* v. *Dept. of Transportation* (1981), 67 Ohio St. 2d 378, 21 O.O. 3d 238, 423 N.E. 2d 1105. In *Pitts,* we held that only the granting of a motion under Civ. R. 50(B) (motion for judgment notwithstanding verdict) or Civ. R. 59 (motion for a new trial) would toll the thirty-day limit after judgment to file an appeal. See App. R. 4(A). Although App. R. 4(A) has been expanded and now also refers to Civ. R. 53(E)(7) and Juv. R. 40(D)(7) (motions to vacate or modify a referee's report) and Civ. R. 52 (motion for findings of fact and conclusions of law), as rules that also will toll the running of the appeal time, relators filed none of these motions, and the principle of *Pitts* remains the same. See, also, *State, ex rel. Pendell,* v. *Adams Cty. Bd. of Elections* (1988), 40 Ohio St. 3d 58, 531 N.E. 2d 713.

Moreover, Civ. R. 60(B) specifies that "[t]he procedure for obtaining any

relief from a judgment shall be by motion as prescribed in these rules." No Civil Rule authorizes "explaining" matters to a trial court and persuading it to vacate a judgment and then reinstitute the identical judgment that same date. Given the facts they allege in their memorandum in opposition to summary judgment, relators should have filed a motion for relief from judgment under Civ. R. 60(B)(1) ("mistake, inadvertence, surprise or excusable neglect"), 60(B)(3) ("fraud [whether heretofore denominated intrinsic or extrinsic], misrepresentation or other misconduct of an adverse party"), or 60(B)(5) ("any other reason justifying relief from the judgment").

Because relators filed no proper motion cognizable under the Civil Rules to gain relief from judgment or toll the thirty-day time period to appeal under App. R. 4(A), respondent correctly dismissed the appeal because it lacked jurisdiction. Failure to file a timely notice of appeal under Civ. R. 3(A) and 4(A) is a jurisdictional defect. *Pendell, supra.* Accordingly, we grant respondent's motion for summary judgment and deny the writ.

*Writ denied.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.