PETITION FOR WRIT OF MANDANUS
 JOURNAL ENTRY AND OPINION
On July 26, 1999, the relator, Thomas Patterson, commenced this mandamus action against the respondents, the judges of the Cuyahoga County Common Pleas Court, to compel a revision in his sentence in the underlying case, State of Ohio v. ThomasPatterson, Cuyahoga County Common Pleas Court Case No. CR-287342. Although the respondents have neither answered nor filed a dispositive motion, this court, sua sponte, dismisses this writ action for the following reasons.
In the underlying case Mr. Patterson pleaded guilty to three offenses. The trial court on February 2, 1993, imposed the following sentences: (1) six months for burglary, (2) one year for carrying a concealed weapon, and (3) seven to ten years for involuntary manslaughter. The court ordered the sentences to be served consecutively. On April 16, 1993, the trial court issued another journal entry changing the sentence for involuntary manslaughter to seven to twenty-five years. Apparently Mr. Patterson never filed an appeal. He now files this mandamus action claiming that the change in sentence violated his constitutional rights and Criminal Rule 11.
Mandamus, however, is the wrong remedy, and thus, this application is dismissed. The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus
(1987), 33 Ohio St.3d 118, 515 N.E.2d 914. Mandamus is not a substitute for appeal. State ex rel. Keenan v. Calabrese (1994),69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel. Daggett v.Gessman (1973), 34 Ohio St.2d 55, 295 N.E.2d 659; State ex rel.Pressley v. Industrial Commission of Ohio (1967), 11 Ohio St.2d 141,228 N.E.2d 631, Paragraph Three of the Syllabus. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. State exrel. Tran v. McGrath (1997), 78 Ohio St.3d 45, 676 N.E.2d 108;State ex rel. Boardwalk Shopping Center, Inc. v. Court of Appealsfor Cuyahoga County (1990), 56 Ohio St.3d 33, 564 N.E.2d 86.
In the present case Mr. Patterson had or has an adequate remedy through appeal or through a motion for delayed appeal pursuant to App.R. 5. These remedies provide a full review of the merits of the trial court's actions on a full record.
Accordingly, this court dismisses this mandamus action. Costs assessed against relator.
ANN DYKE, J., CONCURS
 _________________________________ JAMES M. PORTER, ADMINISTRATIVE JUDGE