ORIGINAL ACTION JOURNAL ENTRY AND OPINION
On November 8, 2000, the relator, John Perotti, commenced this mandamus action against the respondent, Judge Richard McMonagle, to compel the judge to rule on motions for relief from judgment in the underlying cases, State of Ohio v. John Perotti, Cuyahoga County Common Pleas Court Case Nos. Cr. 14681, 21765, 24692, 172468 and 171706. Mr. Perotti sought relief from orders which on December 27, 1999 revived the judgments for court costs in the underlying cases. Additionally, Mr. Perotti's prayer for relief in this writ action seeks an order which vacates the orders reviving the court costs and returns the money taken from his prison account.
On November 29, 2000, the judge, through the Cuyahoga County Prosecutor, moved for summary judgment because, inter alia, the matter is moot and mandamus may not control judicial discretion. Mr. Perotti never filed a brief in opposition to the judge's dispositive motion. Attached to the summary judgment motion were copies of certified March 8, 2000 journal entries in which the judge denied Mr. Perotti's motions for relief in each of the underlying cases. Thus to the extent that Mr. Perotti sought rulings on his motions, he has received his requested relief, and the judge has fulfilled his duty. This claim for mandamus is moot.
To the extent that Mr. Perotti seeks the specific relief for an order granting his motions for relief and returning his money, mandamus is inappropriate. The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914. Mandamus is not a substitute for appeal. State ex rel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176,631 N.E.2d 119; State ex rel. Daggett v. Gessman (1973), 34 Ohio St.2d 55,295 N.E.2d 659; and State ex rel. Pressley v. Industrial Commission of Ohio (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, Paragraph Three of the Syllabus. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. State ex rel. Tran v. McGrath (1997), 78 Ohio St.3d 45, 676 N.E.2d 108 and State ex rel. Boardwalk Shopping Center, Inc. v. Court of Appeals for Cuyahoga County (1990), 56 Ohio St.3d 33, 564 N.E.2d 86. Thus in the present case mandamus might have been appropriate to compel the respondent to judge to issue rulings on the relevant motions, but it could not compel any specific ruling. Mr. Perotti's remedy for a ruling he disliked was appeal. Mandamus is improper for the additional relief Mr. Perotti seeks.
Accordingly, this court grants the respondent's motion for summary judgment and dismisses this writ action. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
MICHAEL J. CORRIGAN, J., and ANNE L. KILBANE, J., CONCUR.