ORIGINAL ACTION JOURNAL ENTRY AND OPINION
On January 18, 2001, the relator, Randolph Wilkerson, commenced this mandamus action against the respondent, Judge Thomas Matia, to compel the judge to dismiss or amend defective indictments in the underlying case, State of Ohio v. Randolph Wilkerson, Cuyahoga County Common Pleas Case No. Cr. 43364. For the following reasons, this court dismisses the writ action, sua sponte.
In May 1978, two steel plant security guards confronted Mr. Wilkerson in the plant's parking lot; they saw him placing a tire into his car. During this confrontation Mr. Wilkerson drove the car with the two security guards hanging onto the sides. After the car traveled twenty-five feet, the guards let go, but he soon hit another car in which a person was injured. Mr. Wilkerson exited the parking lot and abandoned the car. Upon searching the car, stolen parts to two other automobiles were found.
The Grand Jury indicted Mr. Wilkerson on three counts of robbery and two counts of receiving stolen property. A jury convicted him on all counts in early 1979. On appeal this court modified the conviction by vacating the convictions for one count of robbery and both counts of receiving stolen property. This court reasoned that there were only two theft offenses to support the robbery convictions and that the two counts of receiving stolen property were allied offenses of robbery. State of Ohio v. Randolph Wilkerson (Mar. 13, 1980), Cuyahoga App. No. 40741, unreported. Since then Mr. Wilkerson has filed an application to reopen his appeal pursuant to App.R. 26(B), two habeas corpus actions in Richland County, a postconviction petition, a federal habeas corpus action and a mandamus action in the Supreme Court of Ohio.
Mr. Wilkerson now claims that the trial judge has a duty, enforceable in mandamus, to dismiss or amend the indictments for robbery because they are defective. He argues that an indictment and conviction for robbery requires a theft offense. Under the robbery statute in effect in 1979, receiving stolen property was an insufficient foundation for a charge of robbery and that the indictment did not specify a charge of theft. Therefore, he argues, his indictment was defective, and the charge should be dismissed.
The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal. State ex rel. Keenan v. Calabrese (1994),69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel. Daggett v. Gessman (1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and State ex rel. Pressley v. Industrial Commission of Ohio (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, Paragraph Three of the Syllabus. Thus mandamus does not lie to correct errors and procedural irregularities in the course of a case. State ex rel. Tommie Jerninghan v. Judge Patricia Gaughan (Sept. 26, 1994), Cuyahoga App. No. 67787, unreported. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. State ex rel. Tran v. McGrath (1997), 78 Ohio St.3d 45,676 N.E.2d 108 and State ex rel. Boardwalk Shopping Center, Inc. v. Court of Appeals for Cuyahoga County (1990), 56 Ohio St.3d 33, 564 N.E.2d 86.
In the present case Mr. Wilkerson either has or had adequate remedies at law to pursue his argument of a defective indictment. Those remedies now preclude mandamus. The issue of a defective indictment is properly raised in a motion to dismiss pursuant to Crim.R. 12(B)(1) or (2), in the direct appeal, in a timely application to reopen pursuant to App.R. 26(B), or in a postconviction petition pursuant to R.C. 2953.21, and, if necessary, in an appeal of the denial of the postconviction petition.
Accordingly, mandamus will not lie, and this court dismisses this writ action. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
FRANK D. CELEBREZZE, JR., J., and JAMES J. SWEENEY, J., CONCUR.