JOURNAL ENTRY AND OPINION
On August 18, 2000, the relator, Records Deposition Service of Ohio, Inc., commenced this mandamus action against the respondents, Judge William Aurelius and the Cuyahoga County Common Pleas Court, to compel the respondents to issue a protective order for alleged trade secrets pursuant to R.C. 1333.65 in the underlying case, Records Deposition Service of Ohio, Inc. v. Med-Ease, Inc., Cuyahoga County Common Pleas Court Case No. CV. 412917. On September 19, 2000, the respondents, through the presiding judge of the common pleas court, moved to dismiss because the requisites for a mandamus could not be fulfilled. On October 2, 2000, the relator filed a brief in opposition to that motion along with a motion to amend the complaint. On October 16, 2000, the respondents, through the Cuyahoga County Prosecutor, filed another motion to dismiss. On November 3, 2000, the relator filed a brief in opposition to that motion. For the following reasons, this court grants the motions to dismiss.
In the underlying case Records Deposition sued George Sintsirmas for breaching a covenant not to compete and converting trade secrets when he left Records Deposition and went to work for a competitor, Med-Ease, Inc. At the beginning of the litigation, Records Deposition sought a preliminary injunction to prevent the defendants from using Records Deposition's trade secrets, such as its business plans, financial statements, forms, training procedures, customers lists, subpoena service techniques, bank references and medical provider information. To protect these trade secrets during all of the litigation, Records Deposition sought a broad and all-encompassing protective order requiring all alleged trade secrets to be marked confidential, prohibiting their disclosure to third-parties or unnecessary personnel, requiring their submission to the court under seal, the sealing of discovery materials, closing proceedings to the public and requiring the trade secrets return or destruction after the litigation. The respondent judge denied this motion for such a protective order.[1] Records Deposition endeavored to appeal that order to this court. However, this court sua sponte dismissed the appeal for lack of a final, appealable order and also denied Record Deposition's motion for reconsideration. The company did not appeal to the Supreme Court of Ohio. Instead, it brought this mandamus action to obtain its desired relief.
The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. State ex rel. Tran v. McGrath (1997), 78 Ohio St.3d 45, 676 N.E.2d 108 and State ex rel. Boardwalk Shopping Center, Inc. v. Court of Appeals for Cuyahoga County (1990), 56 Ohio St.3d 33, 564 N.E.2d 86. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. State ex rel. Taylor v. Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; State ex rel. Shafer v. Ohio Turnpike Commission (1953), 159 Ohio St. 581,113 N.E.2d 14; State ex rel. Connole v. Cleveland Board of Education (1993), 87 Ohio App.3d 43, 621 N.E.2d 850; and State ex rel. Dayton-Oakwood Press v. Dissinger (1940), 32 Ohio Law Abs. 308.
The gravamen of Records Deposition's argument is that R.C. 1333.65
requires a court to issue a protective order for alleged trade secrets. It maintains that the language of the statute is so clear that issuing such an order is a mere ministerial act over which the trial court has no discretion. R.C. 1333.65 provides:
 In an action under sections 1333.61 to 1333.69 of the Revised Code, a court shall preserve the secrecy of an alleged trade secret by reasonable means that may include granting protective orders in connection with discovery proceedings, holding in-camera hearings, sealing the records of the action, and ordering any person involved in the litigation not to disclose an alleged trade secret without court approval.[2]
Records Deposition relies exclusively on the language a court shall preserve the secrecy of an alleged trade secret. It cites no other authority for its interpretation of the statute, that a trial court has no discretion in issuing some form of a protective order when confronted with alleged trade secrets.
However, the case authority does not support that position. Rather, it holds that R.C. 1333.65 provides the court with tools to protect trade secrets, but the threshold decision to issue any protective order still remains within the discretion of the trial judge. In Alpha Benefits Agency, Inc. v. King Insurance Agency, Inc. (19 99), 134 Ohio App.3d 673,731 N.E.2d 1209, this court initially reaffirmed the basic principle that [t]he decision to grant a motion for a protective order is left to the discretion of the trial court. 134 Ohio App.3d at 680. Subsequently, this court, in discussing R.C. 1333.65 stated: a trial court has broad authority to fashion a protective order that protects the secrecy of a trade secret. R.C. 1333.65 provides that a court may preserve the secrecy of an alleged trade secret by reasonable means, including holding in-camera hearings, sealing the records of the action and ordering any person involved in the litigation not to disclose an alleged trade secret.
Additionally, Records Deposition's interpretation of the statute is problematic because it would force courts to honor overbroad claims, or even sham claims, of trade secrets. This would be contrary to the courts' duty to search for the truth. Thus, there must necessarily be a threshold issue of determining whether the alleged trade secrets are authentic trade secrets and worthy of protection. In Koval v. General Motors Corporation (1990), 62 Ohio Misc.2d 694, 610 N.E.2d 1199, the trial court refused to issue any protective order for alleged trade secrets because it determined that the relevant records and information were not trade secrets. Thus, it is difficult to conclude that the statute creates a duty to protect any alleged trade secrets without a necessary review by the trial court.
Moreover, the courts have ruled that the decision to grant a motion for a protective order is left to the sound discretion of the trial court. Arnold v. American National Red Cross (1994), 93 Ohio App.3d 564,639 N.E.2d 484 and Fairfield Commons Condominium Association v. Stasa (1985), 30 Ohio App.3d 11, 506 N.E.2d 237. Nor is the court convinced that Records Deposition did not have an adequate remedy at law. Admittedly, this court ruled that the respondent's entry was not a final, appealable order. Nevertheless, the relator had a remedy at law by appealing to the Supreme Court of Ohio.
In conclusion although R.C. 1333.65 provides for the protection of trade secrets, this court is not convinced that Records Deposition has established that a trial court has a nondiscretionary duty to issue a protective order upon a party's allegation of trade secrets. The absence of case law upholding that interpretation, the case law holding that the issuance of a protective order is within the discretion of the court and the problem that the relator's interpretation could lead to unjust results cause this court to doubt that there is a clear right to mandamus. Accordingly, this court declines to issue the writ. In doing so the court does not opine on the propriety of the trial court's decision or whether the matter should be reconsidered in the trial court.
The motions to dismiss are granted. The relator is to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
TIMOTHY E, McMONAGLE, P.J. KENNETH A. ROCCO, J., CONCUR
 __________________________ JAMES D. SWEENEY, JUDGE
[1] Respondent Judge William Aurelius was sitting in substitution for Judge Anthony Calabrese, Jr. who was originally assigned to the case.
[2] This law became effective in July 1994.