[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This cause is an accelerated appeal from a decision of the Brown County Court of Common Pleas denying the motion of appellant, Conseco Finance Servicing, Corp., to vacate a default judgment granted in favor of appellee, Community Concepts, Inc., in a foreclosure action. We affirm the decision of the trial court.
Appellant's first assignment of error is overruled because the trial court did not abuse its discretion in denying appellant's motion to vacate the default judgment. The fact that the trial court granted appellant leave to file an answer after the default judgment was entered did not "remove de facto" the default judgment. "The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules." Civ.R. 60(B); State ex rel. Boardwalk Shopping Ctr., Inc.v. Court of Appeals for Cuyahoga County (1990), 56 Ohio St.3d 33, 35-36. Civ.R. 55(B) prescribes a motion under Civ.R. 60(B) as the proper method under the civil rules to obtain relief from a default judgment. Because the trial court never set aside the default judgment in accordance with Civ.R. 60(B), the default judgment was still valid.
Appellant's second assignment of error is overruled because appellant is not entitled to relief from the default judgment under any of the grounds stated in Civ.R. 60(B)(1)-(5). See GTE Automatic Electric, Inc.v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 150-51; Argo PlasticProducts Co. v. City of Cleveland (1984), 15 Ohio St.3d 389, 391. Specifically, appellant's conduct did not constitute "excusable neglect," as appellant contends. Thus, the trial court did not abuse its discretion in denying appellant's motion to vacate the default judgment.
Both of appellant's assignments of error having been overruled, the judgment of the trial court is hereby affirmed.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and will not be published in any form. A certified copy of this judgment entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
James E. Walsh, Presiding Judge, Stephen W. Powell, Judge, Anthony Valen, Judge.