DECISION
{¶ 1} Relator, Johnny R. Fuller, has filed an original action seeking a writ of mandamus ordering respondents, Marcia J. Mengel, Clerk, Rita Nash, and Helka Geinapp ("deputy clerks"), all deputy clerks of the Supreme Court of Ohio, to accept his pleading for filing. Respondents have filed a motion to dismiss asserting that they have properly refused to file relator's legal documents, as relator has not complied with the Ohio Supreme Court Rules of Practice.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. On February 26, 2003, the magistrate rendered a decision including findings of facts and conclusions of law. (Attached as Appendix A.) The magistrate concluded that relator could prove no facts entitling him to recovery. Therefore, the magistrate recommended granting respondents' motion to dismiss. Relator filed objections to the decision and respondents have filed memoranda in opposition to relator's objections.
 {¶ 3} Relator cites ten objections to the magistrate's decision. However, one of relator's objections represents the crux of his argument. Relator contends that respondents have not been following the law.
 {¶ 4} Relator seeks a writ of mandamus. Therefore, to demonstrate entitlement to the writ, he must establish that he has: (1) a clear legal right to relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that there is no plain and adequate remedy in the ordinary course of law. State ex. rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28. See, also, Ohio Bell Tel. Co. v. Fergurson (1980), 61 Ohio St.2d 74, 76. "It is firmly established that the writ of mandamus will not issue `* * * where the relator has or had available a clear, plain and adequate remedy in the ordinary course of law.'" Berger, at 30. See, also, State ex rel. Sibarco Corp., v. City of Berea (1966), 7 Ohio St.2d 85, 88. Based upon the following facts, relator has not established any of these elements.
 {¶ 5} On March 2, 1999, relator was informed that his memorandum was refused because it appeared he was appealing from a case that originated in the court of appeals. Relator was informed that, under S.Ct.Prac.R. II, Sec. 1(A)(1), he would need to file a brief instead. On October 20, 1999, relator attempted to file a second "Memorandum in Support of Jurisdiction" in the Supreme Court of Ohio. Relator was informed by respondents that his documents were being returned to him because the materials necessary to perfect his appeal were not submitted within the 45-day period prescribed by S.Ct.Prac.R. II, Sec. 2(A)(1)(a), which requires the filing of a notice of appeal and memorandum in support of jurisdiction within 45 days from the entry of the judgment being appealed.
 {¶ 6} In State ex. rel. Boardwalk Shopping Center, Inc. v. Court of Appeals for Cuyahoga Cty. (1990), 56 Ohio St.3d 33, 35, the court stated that an "appeal is not an inadequate remedy because relator has allowed the time for appeal to expire." Relator did not utilize the 45-day period as provided by S.Ct.Prac.R. II, Sec. 2(A)(1)(a) and, therefore, he has relinquished his opportunity to appeal the judgment.
 {¶ 7} Additionally, the deputy clerks must adhere to the Rules of Practice of the Supreme Court of Ohio. The court has held that the failure of a litigant to meet certain filing deadlines will divest a court of jurisdiction. Cf. Boardwalk Shopping Center, Inc., at 36 (the court correctly dismissed the appeal because it lacked jurisdiction where relator failed to file a proper motion to gain relief from judgment or to toll the 30-day time period to appeal under App.R. 4[A]). The deputy clerks properly followed the Rules of Practice of the Supreme Court of Ohio. As such, the deputy clerks were not under a clear legal duty to perform the act requested. Therefore, relator's objections are unpersuasive and are overruled.
 {¶ 8} Following independent review, pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's decision as our own, including the findings of facts and conclusions of law contained in it. In accordance with the magistrate's decision, respondents' January 29, 2003 motion to dismiss is granted and relator's request for a writ of mandamus is hereby denied.
Objections overruled; motion to dismiss granted; writ denied.
BRYANT and LAZARUS, JJ., concur.
 IN MANDAMUS ON RESPONDENTS' MOTION TO DISMISS {¶ 9} Relator, Johnny R. Fuller, has filed this original action requesting that this court issue a writ of mandamus ordering respondents Marcia J. Mengel, Rita Nash, and Helka Geinapp, all deputy clerks of the Supreme Court of Ohio, to accept his pleadings for filing. Respondents have filed a motion to dismiss asserting that they have properly refused to file relator's legal documents as relator has not complied with Ohio Supreme Court Rules of Practice.
Findings of Fact:
 {¶ 10} 1. Relator is an inmate currently incarcerated in the Chillicothe Correctional Institution.
 {¶ 11} 2. On March 2, 1999, relator attempted to file a "Memorandum in Support of Jurisdiction" in the Supreme Court of Ohio.
 {¶ 12} 3. By letter dated March 2, 1999, relator was informed that his filing was being refused because it appeared that he was appealing from a case that originated in the court of appeals. Relator was informed that under Supreme Court Practice Rule II, Sec. 1(A)(1), he would need to file a brief instead. (Complaint Ex. A.)
 {¶ 13} 4. Thereafter, on or about October 20, 1999, relator attempted to file a second "Memorandum in Support of Jurisdiction" in the Supreme Court of Ohio. (Complaint Ex. B.)
 {¶ 14} 5. By letter dated October 20, 1999, relator was informed that his documents were not being filed and were being returned to him because the materials necessary to perfect his appeal were not submitted within the 45-day time period prescribed by Supreme Court Practice Rule II, Sec. 1(A)(1). (Complaint Ex. C.)
 {¶ 15} 6. Relator sent a letter to respondent Nash in her capacity as deputy clerk explaining that he had done everything in his power as a pro se litigant to file his memorandum in a timely fashion and asked her to accept and file it. (Complaint Ex. D.)
 {¶ 16} 7. By letter dated October 29, 1999, relator was informed that Supreme Court Practice Rule XIV, Sec. 1(A) provides that filings may be made in person or by mail but the documents filed by mail shall not be considered filed until actually received in the clerk's office. Further, relator was informed that because his documents were not received within the 45-day time period prescribed by Supreme Court Practice Rule II, Sec. 2(A)(1), for filing the appeal and had to be returned as the clerk's office is prohibited from filing documents which are not submitted on time. (Complaint Ex. E.)
 {¶ 17} 8. On September 19, 2002, relator attempted to file a third "Notice of Appeal"/brief. (Complaint Ex. F.)
 {¶ 18} 9. By letter dated September 19, 2002, relator was informed that his documents were being returned and not filed as they did not meet the requirements of the Ohio Supreme Court Rules of Practice. Specifically, relator was informed that his memorandum in support of jurisdiction exceeded the 15-page limit set by Supreme Court Practice Rule III, Sec. 1(C) and that his memorandum contained prohibited attachments. Relator was further notified that if he was appealing an August 13, 2002 decision, a corrected memorandum in support of jurisdiction, notice of appeal and affidavit of indigency must be received by the clerk's office no later than September 27, 2002, by 5:00 p.m. (Complaint Ex. G.)
 {¶ 19} 10. On November 25, 2002, relator signed a cash withdrawal slip with the institutional mail-room supervisor to cover the postage fee and mailed his memorandum to the Supreme Court of Ohio with a letter expressing his doubts that the clerk's office would receive the memorandum in time. (Complaint Exs. H, I and J.)
 {¶ 20} 11. By letter dated September 30, 2002, relator was informed that his documents were not accepted for filing because they were not received within the 45-day time period permitted for filing an appeal. Relator was referred to Supreme Court Practice Rule II, Sec. 2(A)(1), which requires the filing of a notice of appeal and memorandum in support of jurisdiction within 45 days from the entry of the judgment being appealed. Relator was informed that this time limit is mandatory and that relator's failure to file his documents within the time period divests the Supreme Court of Ohio of jurisdiction to hear his appeal. Relator was also informed that there are no provisions in the Ohio Supreme Court Rules of Practice for filing delayed appeals in cases involving post-conviction relief. (Complaint Ex. K.)
 {¶ 21} 12. Thereafter, relator took action at the prison to determine why it took so long for his mail to be delivered. Relator even sent a letter to the Postmaster General of the United States Post Office seeking an explanation. (Complaint Exs. L-O.)
 {¶ 22} 13. Thereafter, on January 3, 2003, relator filed the instant mandamus action asserting that he has "strong reason to believe that the respondents are engaging in a continuous pattern of bias and prejudice toward this pro se relator and as a result [are] depriving this relator of his right to access the courts in violation of ORC, §2921.31, and 2921.45 by failing to perform specific acts enjoined upon them by statute." Relator requests that respondents would be ordered to accept his documents for filing because "respondents are in violation of the 1st and 14th Amendments to the U.S. Constitution, Article I, § 3
of Ohio's Constitution, and O.R.C., § 2921.31 Obstructing Official Business, and § 2921.45 Interfering with Civil Rights by refusing to file relator's memorandum in support."
 {¶ 23} 14. On January 29, 2003, respondents filed a motion to dismiss.
 {¶ 24} 15. Relator has filed a memorandum in opposition to respondents' motion to dismiss.
 {¶ 25} 16. Respondents' motion to dismiss is currently before this magistrate.
Conclusions of Law:
 {¶ 26} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondents are under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983),6 Ohio St.3d 28.
 {¶ 27} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery. O'Brien v. University Community Tenants Union (1975),42 Ohio St.2d 242. As such, a complaint for a writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for the relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that the relator might prove some set of facts entitling him to relief. State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 94.
 {¶ 28} In the motion to dismiss, respondents maintain that they have simply been carrying out their duties as deputy clerks for the Supreme Court of Ohio. Respondents contend that they have simply followed the Ohio Supreme Court Rules of Practice which are clear and unequivocal and that they were not only correct in following those rules to the letter in each instance but they were duty-bound to reject his filings.
 {¶ 29} A review of relator's own complaint demonstrates that he has been made aware of the reasons why his filings have been rejected. Further, relator does not contend that respondents have not been following the law. Instead, relator contends that the Supreme Court of Ohio never intended for its rules "to be interpreted and applied in such a draconian manner." Relator further asserts that the court should make every effort to hear actions on the merits and that here, when he has done everything in his power to make sure that his filings conformed with the court's rules and that they arrived on time, respondents should accept his filings even where they do not comply with the rules and even when they are not timely filed. For the reasons that follow, relator's arguments do not have merit.
 {¶ 30} In State ex rel. Oberer Dev. Co. v. Montgomery Cty. Bd. of Elections (1996), 77 Ohio St.3d 1403, the appellants had filed a motion asking the court to reconsider its entry dismissing their appeal for want of prosecution. The court noted that, in essence, a motion to waive a deadline for the filing of the appellant's brief is actually a motion asking the court to waive the deadline for the filing of the appellant's brief. The court stated that Supreme Court Practice Rule XIV, Sec. 1(C) prohibits motions to waive the rule against untimely filings and ordered that the motion be stricken. The court has held that the failure of a litigant to meet certain filing deadlines will divest a court of jurisdiction. State ex rel. Boardwalk Shopping Center, Inc. v. Court of Appeals for Cuyahoga Cty. (1990), 56 Ohio St.3d 33 (the court correctly dismissed the appeal because it lacked jurisdiction where relator failed to file a proper motion to gain relief from judgment or to toll the 30-day time period to appeal under App.R. 4[A]); Kaplysh v. Takieddine (1988), 35 Ohio St.3d 170 (the time requirements for filing a cross-appeal pursuant to App.R. 4[A] are mandatory in jurisdiction and a court of appeals does not acquire jurisdiction over late filed cross-appeals merely because an appeal by an opposing party has been properly perfected).
 {¶ 31} Relator maintains that he sees no "compelling interest" on behalf of the state to justify depriving him of access to the state's highest court. Relator is not being denied access to the courts. Instead, the same rules are being applied to him as the courts apply to attorneys. Pro se litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors. Meyers v. First Natl. Bank (1981), 3 Ohio App.3d 209. Furthermore, civil due process requires only notice and an opportunity to be heard. Goldberg v. Kelly (Mar. 23, 1970), 397 U.S. 254, 90 S.Ct. 1011. Relator was given notice and the opportunity to be heard under the rules and simply failed to file the procedure to avail himself of his opportunity. In this mandamus action, relator cannot establish a denial ofFourteenth Amendment Rights of Due Process.
 {¶ 32} Based upon a review of the complaint, it appears beyond doubt that relator can prove no set of facts entitling him to recovery. As such, respondents' motion to dismiss should be granted and relator's complaint for a writ of mandamus should be dismissed.