JOURNAL ENTRY and OPINION
{¶ 1} On March 7, 2006, the relator, Alfred Worwell, commenced this mandamus action against the respondent, Judge Mary J. Boyle, to compel the judge to modify the sentence in the underlying case, State v. Worwell, Cuyahoga County Common Pleas Court Case No. CR-404644. He seeks to have the judgment reflect that the judge merged his two convictions. For the following reasons, this court denies the application for a writ of mandamus, sua sponte.
 {¶ 2} In the underlying case, the jury convicted Worwell of rape and kidnapping with a sexual motivation specification. During sentencing, the judge ruled that the kidnapping and rape convictions would merge for purposes of sentencing. However, in the sentencing entry the court imposed a seven-year prison term for each count, with the counts to run concurrently.
 {¶ 3} On appeal, State v. Worwell, Cuyahoga App. No. 80871, 2002-Ohio-6637, Worwell's final argument was that the trial court erred in sentencing him for both rape and kidnapping because they were allied offenses under R.C. 2941.25, and the State conceded the argument. Nevertheless, this court overruled the assignment of error and affirmed the convictions and sentences. "This court has previously held that a defendant suffers no prejudice when he is sentenced to concurrent sentences for allied offenses. Statev. Blaylock, Cuyahoga App. Nos. 80419 and 80420, 2002-Ohio-4580, at ¶ 77; State v. Hendrix (June 13, 1991), Cuyahoga App. Nos. 58519 and 58520; State v. Styles (Oct. 9, 1997), Cuyahoga App. No. 71052." 2002-Ohio-6637 at ¶ 16.
 {¶ 4} Subsequently, Worwell filed a motion to vacate and modify sentence, which the trial court denied. Also on November 18, 2005, he moved for a nunc pro tunc entry to correct his sentence to show that there is only one sentence of seven years, because the convictions were allied offenses. On February 6, 2006, the trial court denied the motion.
 {¶ 5} Worwell now brings this mandamus action to compel the judge to issue a journal entry consistent with her findings and rulings at the sentencing hearing, specifically, that she impose a single seven-year sentence for one or the other of his convictions and discharge one of those convictions pursuant to her duties under Crim.R.32(C). He also asserts without supporting authority that the denial of his motion for a nunc pro tunc order is not a final appealable order and, thus, he does not have an adequate remedy at law.
 {¶ 6} However, his argument is meritless. The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney v.Niehaus (1987), 33 Ohio St.3d 118, 515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal. State ex rel. Keenan v.Calabrese (1994), 69 Ohio St.3d 176, 631 N.E.2d 119; State exrel. Daggett v. Gessman (1973), 34 Ohio St.2d 55,295 N.E.2d 659; and State ex rel. Pressley v. Industrial Commission ofOhio (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in a case. State ex rel. TommieJerninghan v. Gaughan (Sept. 26, 1994), Cuyahoga App. No. 67787. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. State exrel. Tran v. McGrath, 78 Ohio St.3d 45, 1997-Ohio-245,676 N.E.2d 108, and State ex rel. Boardwalk Shopping Center, Inc. v.Court of Appeals for Cuyahoga County (1990), 56 Ohio St.3d 33,564 N.E.2d 86.
 {¶ 7} In the present case, Worwell had an adequate remedy through appeal, which he exercised and which raised this very issue. This court rejected his argument because there was no prejudice. Therefore, this mandamus is ill-founded because there was an adequate remedy at law and because the merits are barred by res judicata.
 {¶ 8} Accordingly, this court denies the application for a writ of mandamus. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Sweeney, P.J. concurs Karpinski, J. concurs