[Cite as *State ex rel. Compton v. Sutula*, 2011-Ohio-6302.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97246

---

## STATE OF OHIO, EX REL. JOHN COMPTON

RELATOR

vs.

## JUDGE JOHN D. SUTULA

RESPONDENT

---

## JUDGMENT:
## WRIT DENIED

---

Writ of Mandamus
Motion No. 448147

**RELEASE DATE:**     December 7, 2011
**FOR RELATOR**

John Compton, pro se
Inmate No. A-523-531
Grafton Correctional Institution
1800 S. Avon-Belden Road
Grafton, Ohio   44044


**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor
BY:   James E. Moss
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113


FRANK D. CELEBREZZE, JR., P.J.:

**{¶ 1}**  On September 2, 2011, the relator, John Compton, commenced this mandamus action against the respondent, Judge John Sutula, to compel the judge to rule on motions for jail time credit that Compton had filed on February 24, 2011, and March 25, 2011, in the underlying case, *State of Ohio v. John Compton*, Cuyahoga County Common Pleas Court Case No. CR-451212.   On June 8, 2011, Compton filed an addendum to these motions. He asserts in his complaint that he is seeking a total of 524 days of jail time credit.   On September 29, 2011, the respondent judge moved for summary

judgment on the grounds of mootness. Compton filed his brief in opposition on October 25, 2011, and the respondent filed a notice of judicial action on November 4, 2011. For the following reasons, this court grants the respondent's motion for summary judgment and denies the application for a writ of mandamus.

{¶ 2} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus* (1987), 33 Ohio St.3d 118, 515 N.E.2d 914. Mandamus is not a substitute for appeal. *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 631 N.E.2d 119; *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and *State ex rel. Pressley v. Indus. Comm. of Ohio* (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, paragraph three of the syllabus. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 1997-Ohio-245, 676 N.E.2d 108, and *State ex rel. Boardwalk Shopping Ctr., Inc. v. Court of Appeals for Cuyahoga Cty.* (1990), 56 Ohio St.3d 33, 564 N.E.2d 86.

{¶ 3} The respondent judge resolved the subject motions through a series of orders. First, on June 23, 2011, he granted the motion in part by granting 36 days of jail time credit for time spent in the Oklahoma county jail. The judge specifically held in abeyance Compton's request of 204 days of credit spent in St. Bernard Parish, Louisiana, while the judge made several attempts to verify Compton's claim. On September 29, 2011, the judge granted the motion for jail time credit in part and denied it part. He granted Compton all the time he sought, as stated in the mandamus complaint, for time spent in the Cuyahoga county jail, the time spent in the Oklahoma county jail, and time spent in transport from Oklahoma to Cuyahoga county. However, he again held in abeyance the request for time in Louisiana because he could not verify whether Compton was held there. On November 4, 2011, the judge denied the motion for jail time credit for the time allegedly spent in Louisiana. The judge stated that he had contacted the St. Bernard's sheriff's office for the third time, and that office could not verify that Compton had been incarcerated there because the records may have been destroyed by Hurricane Katrina. Thus, because the judge could not verify the time, he denied that part of the motion.

{¶ 4} With the November 4, 2011 ruling, the judge fulfilled his duty to rule upon the subject motions, and this matter became moot. The judge exercised his discretion, and this court may not use mandamus to control that

discretion by ordering the judge to credit any given amount of time. To the extent that Compton disagrees with the judge's rulings, he has or had an adequate remedy at law.

{¶ 5} Accordingly, respondent's motion for summary judgment is granted and relator's application for a writ of mandamus is denied. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Writ denied.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KENNETH A. ROCCO, J., and
EILEEN A. GALLAGHER, J., CONCUR