[Cite as *Rondon v. Middleburg Hts.*, 2012-Ohio-6013.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99152**

---

# ISRAEL RONDON

### RELATOR

## vs.

# MIDDLEBURG HEIGHTS, ET AL.

### RESPONDENTS

---

## JUDGMENT:
## WRIT DENIED

---

Writ of Mandamus
Sua Sponte Order No. 460488

**RELEASE DATE:**    December 18, 2012

**FOR RELATOR**

Israel Rondon, pro se
15445 Sheldon Rd.
Middleburg Hts., Ohio    44130


**ATTORNEYS FOR RESPONDENTS**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    James E. Moss
Asst. County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio    44113

Michael Dewine
Ohio Attorney General

BY:    Renata Y. Staff
Aaron D. Epstein
Assistant Attorney Generals
30 East Broad Street
State Office Tower, 25th Floor
Columbus, Ohio    43215

Peter H. Hull
Law Director
City of Middleburg Heights
15700 E. Bagley Road
Middleburg Hts., Ohio    44130

PER CURIAM:

{¶1} On November 6, 2012, the relator, Israel Rondon, commenced what he styled a mandamus action against the respondents. In his case caption, he lists in the respondent section, Middleburg Hts., state of Ohio and Cuyahoga County. It appears that he seeks mandamus relief to restore his good name, record and citizenship and to remove all state controls and charges brought against him in *State v. Rondon*, Cuyahoga C.P. No. CR-559500, in which in September 2012, he pleaded no contest to the charges of assault and carrying a concealed weapon and was sentenced to two years of community control sanctions. The complaint is difficult to discern because it is irregularly phrased and may be based on unorthodox views of the law. Nevertheless, he seems to be arguing that the political subdivisions did not have jurisdiction over him and that the laws on which he was convicted were unconstitutional. For the following reasons, this court denies the application for a writ of mandamus, sua sponte.

{¶2} First, the petition is defective because it is improperly captioned. Rondon styled this petition as "Israel Rondon v. Middleburg Hts./ State of Ohio/ Cuyahoga County." R.C. 2731.04 requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition. *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 181 N.E.2d 270 (1962).

**{¶3}** Moreover, Civ.R. 10(A) requires the caption of complaint to include the name and addresses of all the parties. Merely listing three political subdivisions without addresses creates uncertainty as to the identity of the respondent(s). The court questions whether the state of Ohio and Cuyahoga County are respondents or was that meant to be the address of Middleburg Heights. This court has held that this deficiency alone also warrants dismissal. *State ex rel. Calloway v. Court of Common Pleas of Cuyahoga Cty.,* 8th Dist. No. 71699, 1997 Ohio App. LEXIS 79452 (Feb. 27, 1997); and *Jordan v. Cuyahoga Cty. Court of Common Pleas,* 8th Dist. No. 96013, 2011-Ohio-1813.

**{¶4}** Rondon failed to support his complaint with an affidavit "specifying the details of the claim" as required by Loc.App.R. 45(B)(1)(a). *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas,* 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402; and *State ex rel. Wilson v. Calabrese*, 8th Dist. No. 70077, 1996 Ohio App. LEXIS 6213 (Jan. 18, 1996). This deficiency also provides independent reason for denying the application for an extraordinary writ.

**{¶5}** The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Mandamus is not a substitute for appeal. *State ex rel. Keenan v. Calabrese*, 69 Ohio St.3d 176, 631 N.E.2d 119 (1994); *State ex rel. Daggett v. Gessaman*, 34 Ohio St.2d 55, 295 N.E.2d 659 (1973); and *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus. Furthermore, if the relator had an adequate

remedy, regardless of whether it was used, relief in mandamus is precluded. *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 1997-Ohio-245, 676 N.E.2d 108, and *State ex rel. Boardwalk Shopping Ctr., Inc. v. Court of Appeals for Cuyahoga Cty.*, 56 Ohio St.3d 33, 564 N.E.2d 86 (1990). Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977); *State ex rel. Shafer v. Ohio Turnpike Comm.*, 159 Ohio St. 581, 113 N.E.2d 14 (1953); and *State ex rel. Connole v. Cleveland Bd. of Edn.*, 87 Ohio App.3d 43, 621 N.E.2d 850 (8th Dist.1993).

{¶6} To the extent that Rondon seeks to overturn his convictions and sentences in the underlying case, he has, or had, an adequate remedy at law through appeal that then precludes the use of mandamus. To the extent that Rondon seeks some other relief, this court declines to issue the writ because the duty and right he seeks to enforce is not clear.

{¶7} Accordingly, this court denies the application for a writ of mandamus. Relator to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶8} Writ denied.

---

MARY J. BOYLE, PRESIDING JUDGE

---

EILEEN A. GALLAGHER, JUDGE

_____
KENNETH A. ROCCO, JUDGE