[Cite as *State ex rel. Henderson v. Sweeney*, 2013-Ohio-2919.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99605**

# STATE OF OHIO, EX REL.
# TROY HENDERSON

RELATOR

vs.

# KRISTIN SWEENEY, JUDGE

RESPONDENT

**JUDGMENT:**
COMPLAINT DISMISSED

Writ of Mandamus
Motion Nos. 463882 and 463912
Order No. 465637

**RELEASE DATE:** July 1, 2013

**FOR RELATOR**

Troy Henderson, pro se
11040 Clark Road
Chardon, Ohio   44024


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Nora E. Graham
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1} On March 5, 2013, the relator, Troy Henderson, commenced this mandamus action against the respondent, Judge Kristin Sweeney, to compel the judge to rule on Henderson's "motion to dismiss all orders due to lack of service and on constitutional grounds" that Henderson filed on December 16, 2011, in the underlying case, *In re J.H.*, Cuyahoga C.P. Juvenile Court Division No. 11705281. Henderson is trying to vacate a support order against him. On April 5, 2013, the respondent judge moved to dismiss on the grounds of mootness. On April 8, 2013, Henderson moved for summary judgment, requesting that this court grant his motion to dismiss the support order in the underlying case. On April 26, 2013, the respondent filed her brief in opposition to Henderson's motion for summary judgment, and Henderson filed his brief in opposition to the judge's motion to dismiss, as well as a motion to strike the judge's dispositive motion. Subsequently, the parties filed multiple briefs continuing their arguments. After reviewing the filings, this court concludes that this matter is ripe for resolution, denies Henderson's motion for summary judgment, and grants the respondent judge's motion to dismiss.

{¶2} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or

to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Furthermore, mandamus is not a substitute for appeal. *State ex rel. Keenan v. Calabrese*, 69 Ohio St.3d 176, 631 N.E.2d 119 (1994); *State ex rel. Daggett v. Gessaman*, 34 Ohio St.2d 55, 295 N.E.2d 659 (1973); and *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. *State ex rel. Jerninghan v. Gaughan*, 8th Dist. No. 67787, 1994 Ohio App. LEXIS 6227 (Sept. 26, 1994). Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 676 N.E.2d 108 (1997); *State ex rel. Boardwalk Shopping Ctr., Inc. v. Court of Appeals for Cuyahoga Cty.*, 56 Ohio St.3d 33, 564 N.E.2d 86 (1990). Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977); *State ex rel. Shafer v. Ohio Turnpike Comm.*, 159 Ohio St. 581, 113 N.E.2d 14 (1953); and *State ex rel. Connole v. Cleveland Bd. of Edn.*, 87 Ohio App.3d 43, 621 N.E.2d 850 (8th Dist.1993).

{¶3} In the underlying case, a complaint was filed against Henderson in March 2011. Henderson maintains and the docket indicates that the complaint was sent to a wrong address in Bedford, Ohio, instead of the correct address in Chardon. In October 2011, the juvenile court issued a support order, which Henderson maintains is too much.

In assessing the amount of child support, the magistrate accepted the mother's testimony that Henderson earned between $60,000 to $100,000 per year, even though there was no evidence of Henderson's current business address. Again, the docket indicates that service of the magistrate's order was sent to Bedford, even though the magistrate's decision listed Henderson's Chardon address. He responded on December 16, 2011, by filing the subject motion to stay proceedings and to dismiss the support order for lack of service. By a January 25, 2012 order, journalized on February 6, 2012, the respondent judge referred the subject motion to a visiting judge. (exhibit No. 4 to the complaint.) On March 20, 2012, the visiting judge conducted a hearing at which Henderson was not present.[1] In a March 21, 2012 journal entry, the visiting judge dismissed without prejudice the mother's motion for past support and noted Henderson's lack of involvement with his child. Finally, the visiting judge ruled "that all pending motions are dismissed for want of prosecution."

{¶4} This March 21, 2012 order resolved the subject motion. "[A]ll pending motions" necessarily included the subject motion, even if the visiting judge did not explicitly rule on the subject motion. Thus, although Henderson may not find the language satisfying, he has received his requested relief, a ruling on the subject motion. This matter is moot.

---

[1]The docket to *State v. Henderson,* Cuyahoga C.P. No. CR-554594, shows that Henderson had a criminal trial on March 22, 2012, at which he was found not guilty of the charges.

{¶5} His remedy was an appeal of the ruling, which is the proper means for addressing errors and irregularities in a proceeding. He had an adequate remedy at law that now further precludes a writ of mandamus. Furthermore, Henderson may still have remedies available in the trial court. He may file a motion to modify the child support, nor is an authentic motion to vacate pursuant to Civ.R. 60(B) necessarily precluded.

{¶6} Accordingly, this court grants the motion to dismiss and dismisses this application for a writ of mandamus. Relator to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

_____
MARY J. BOYLE, PRESIDING JUDGE

TIM McCORMACK, J., and
EILEEN T. GALLAGHER, J., CONCUR